UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-01085-CEM-EJK

MICHELIN D. MCKEE as Personal
Representative of the Estate of
Salaythis Melvin, the Deceased,

    Plaintiff,
v.

DEPUTY JAMES MONTIEL, in his Individual
Capacity and as an agent of the ORANGE COUNTY
SHERIFF'S OFFICE; DEPUTY MARCUS BULLOCK,
in his Individual Capacity and as an agent of the
ORANGE COUNTY SHERIFF'S OFFICE;
DEPUTY ERIC R. WHEELER, in his Individual
Capacity and as an agent of the ORANGE COUNTY
SHERIFF'S OFFICE; DEPUTY JOHN DOE I,
in his Individual Capacity and as an agent of the
ORANGE COUNTY SHERIFF'S OFFICE;
DEPUTY JOHN DOE II, in his Individual Capacity
and as an agent of the ORANGE COUNTY SHERIFF'S
OFFICE; and JOHN W. MINA, in his Official
Capacity as ORANGE COUNTY SHERIFF,

    Defendants.
_____/

## DEFENDANT, DEPUTY JAMES MONTIEL'S OPPOSED MOTION TO STAY

Defendant, James Montiel in his individual capacity, by and through the undersigned counsel, respectfully requests that this Honorable Court enter an order staying this matter and in support thereof states as follows:

1

1.      The Plaintiff's complaint alleges the Defendant Montiel acting in the course and scope of his employment as a Deputy Sheriff unjustifiably shot and killed Salaythis Melvin.  The Florida Department of Law Enforcement conducted a Use of Force Investigation OR-27-0382 and forwarded their investigation to the State Attorney for the 9th Judicial Circuit.  Currently the matter is under review for the determination on whether the shooting and homicide of Mr. Melvin will be considered justifiable or potential criminal charges filed.  At this time the case remains under review and no decision has been announced the State Attorney.

2.      The Plaintiff claims a violation of his civil rights based upon alleged excessive force by Defendant Montiel resulting in the death of Salaythis Melvin.  The use of force is the exact same issue under review by the State Attorney for potential criminal charges against Defendant Montiel. The disposition of the case should be stayed until a resolution of this criminal case, if any, because it will be virtually impossible to litigate any of the details surrounding the use of force without also litigating the details of the possible criminal case.   Defendant Montiel cannot testify in this matter without invoking his 5th Amendment rights until issue is resolved.

3.  A stay of this proceeding may save the Court time, energy, and resources and is appropriate based upon the existence of the possible criminal matter.

4.  Co-Defendants Bullock, Wheeler and Mina have also filed a separate Motion to Stay. (Doc. 12)  Defendant Montiel adopts by reference the argument and authority cited by Co-Defendants in their Motion to Stay.

5.  The Plaintiff objects to the relief sought in this motion.

## **MEMORANDUM OF LAW**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see Kansas City S. R. Co. v. United States*, 282 U.S. 760,763-764 (1931), *L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1530 (11th Cir. 1995); *Freedom Sci., Inc. v. GW Micro, Inc.,* 2009 U.S. Dist. LEXIS 70701, at *4 (M.D. Fla. July 29, 2009). A court's discretionary power includes its authority to stay a matter until the resolution of a related proceeding. *See Landis v. North American Co.*, 299 U.S.at 254-255 (finding one lawsuit may be stayed until the completion of another, even if the parties and actions are different); *Freedom Sci., Inc. v. GW Micro, Inc.*, 2009 U.S.

Dist. LEXIS 70701, at *4 (indicating a liberal policy of favoring orders to stay proceedings until the resolution of the PTO reexamination proceedings). "If a plaintiff files [a civil rights claim] before he has been convicted ([and that claim is] related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Stewart v. Wood*, 2010 U.S. Dist. LEXIS 130108, at *6 n.4 (N.D. Fla. Sep. 30, 2010)(*citing Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)).

Moving forward with the civil suit while the criminal case is pending may allow for inconsistencies in rulings. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (stating that there is "a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction"). For example, the criminal court may deny a motion to suppress evidence, but in this civil matter the search is found to be unlawful, or vice versa.

The Plaintiff's civil claim questions the legitimacy of the use of force. Therefore, it is appropriate to stay these proceedings regarding the request for damages until resolution of the potential criminal state-court proceedings. *Wallace v. Kato,* 549 U.S. at 393-94. ("If a plaintiff files a false-arrest claim

before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case...is ended.").There is no potential of harm to the Plaintiff if the stay is granted. This request for a stay has its duration within reasonable limits, which is the outcome of the underlying state attorney review or if criminal charges are filed. The Plaintiff will not be required to wait an extensive or undetermined amount of time to resume the litigation of his case, as the stay is directly related to the resolution of the underlying case. Should the Plaintiff be permitted to conduct discovery on this parallel civil matter, it may interfere with an ongoing criminal matter while the State Attorney is prosecuting this case. The use of force investigation by FDLE is under review by the State Attorney's Office, and a decision on whether charges will be filed is expected soon. If Defendant Montiel is deposed, he can be expected to assert his Fifth Amendment right and refuse to answer all substantive questions at any deposition. If the Defendant is prevented from participating in full discovery while the criminal case remains, then the Defendant will be prejudiced by having to go to trial without having had a full and fair opportunity to participate in the discovery process.   Even assuming a delay in the civil case occurs any potential harm to the Plaintiff

is significantly outweighed by the actual and definite harm and inequity to this Defendant. Therefore, the request for the stay is based upon good cause and reasonable under the circumstances. Finally, if the stay is granted this Court may order periodic status reports from the Defendants on whether the State Attorney has made any announcement on the case.

## CONCLUSION

This action should be stayed pending the outcome of the review by the State Attorney and criminal case, if charges are filed. The stay will save the court time and resources, it would potentially simplify the discovery in the civil case once the issue of possible criminal charges are resolved.

## 3.01 (G) CERTIFICATION

The undersigned counsel has contacted counsel for the Plaintiff, Bradley Laurent, as required by the Middle District Rule 3.01 (g) via email and telephone on July 15, 2021, and he advises that Plaintiff objects to the relief requested in this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2021, a true copy hereof has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to Plaintiff's counsel, **Bradley N. Laurent, Esquire** and **Carlus Haynes, Esquire,** Law Offices of Haynes and Laurent, P.A., 8615 Commodity Circle, Unit 6,

Orlando, Florida  32819 and **Brian Moes, Esquire** and **G. Ryan Dietrich, Esquire,** Ketcham, Eide, Telan, Meltz & Wallace, PA, PO Box 538065, Orlando, FL 32853-8065.

        /s/ Bruce R. Bogan
        Bruce R. Bogan, Esquire
        Fla. Bar No. 599565
        David R. Jadon, Esquire
        Fla. Bar No. 1010249
        Hilyard, Bogan & Palmer, P.A.
        Post Office Box 4973
        Orlando, FL 32802-4973
        Telephone: 407-425-4251
        Facsimile:  407-841-8431
        Email: bbogan@hilyardlawfirm.com
              djadon@hilyardlawfirm.com
        Attorneys for Defendant Montiel