UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-01085-CEM-EJK

MICHELIN D. MCKEE, as Personal
Representative of the Estate of
SALAYTHIS MELVIN the Deceased,
    Plaintiff,

Vs.

DEPUTY JAMES MONTIEL, in his individual
Capacity and as an agent of ORANGE COUNTY
SHERIFFS OFFICE; DEPUTY MARCUS BULLOCK,
in his individual Capacity and as an agent of the ORANGE COUNTY
SHERIFFS OFFICE; DEPUTY ERIC R. WHEELER
in his individual Capacity and as an agent of the ORANGE COUNTY
SHERIFFS OFFICE; DEPUTY JOHN DOE I,
in his individual Capacity and as an agent of the ORANGE COUNTY
SHERIFFS OFFICE; DEPUTY JOHN DOE II,
in his individual Capacity and as an agent of the ORANGE COUNTY
SHERIFFS OFFICE and JOHN W. MINA, in his
official capacity as ORANGE COUNTY SHERIFF,
    Defendants.
_____/

## PLAINTIFF, MICHELIN D. MCKEE, as Personal Representative of the Estate of SALAYTHIS MELVIN the Deceased RESPONSE IN OPPOSITION TO DEFENDANT, DEPUTY JAMES MONTIEL'S OPPOSED MOTION TO STAY

PLAINTIFF, MICHELIN D. MCKEE, as Personal Representative of the Estate of SALAYTHIS MELVIN the Deceased by and through undersigned counsel, hereby file this response in Opposition to Defendant, Deputy James Montiel Opposed Motion to Stay and in support thereof state as follows:

## INTRODUCTION

This is a civil rights action stemming from the death of Salaythis Melvin that occurred as the result of the Defendant Deputy James Montel shooting Mr. Melvin in his back. This unlawful shooting occurred at the Florida Mall in Orange County Florida nearly a year ago on August 7, 2020. Upon Mr. Melvin seeing vehicles speeding through the parking lot towards him. Mr. Melvin took off running in fear for his life and without ever posing a threat to anyone was shot in the back by Deputy James Montiel whom he never saw or knew was a law enforcement officer.

In four days from the filing of this response it will be a year since Salaythis Melvin was killed Deputy Montiel. FDLE has already concluded its investigation and turned over its finding to the State Attorneys Office and the State Attorneys Office has not ever committed that they were considering filing any charges against Deputy James Montiel and the State Attorneys office has never indicated that they were going to be filing charges against Deputy James Montiel or considering filing charges against Deputy James Montiel.

Deputy James Montiel is alleging that because the Plaintiff complaint alleges excessive force was used by Defendant Montiel resulting in the death of Salaythis Melvin. The disposition of this case should be stayed because this is the same issue that is under review by the State Attorneys office for potential criminal charges against Deputy James Montiel and it will be virtually impossible to litigate any of

the details surrounding the use of force without also litigating the details of the possible criminal case. Defendant Montiel alleges he cannot testify in this matter without invoking his 5th Amendment right until this issue is resolved.

Deputy Montiel is requesting that the Court grant an indefinite stay based upon what he calls the existence of a "possible criminal matter." The State Attorney of the Ninth Judicial Circuit has not given any indication that she is investigating James Montiel for any possible criminal charges for killing Salaythis Melvin in fact the statement release by the State Attorneys office to the Orlando Sentinel was "The State Attorney will continue independently investigating this case in accordance with the Officer-Involved Critical Incident Policy. We will use FDLE's findings, in addition to any newly discovered evidence. We want to be clear in stating that no determinations have been made and we are still actively investigating this critical incident." This statement was released to the Orlando Sentinel back on April 27, 2021 and there has been nothing indicating what the conclusion of their investigation would determine if anything.

Montiel's Motion for Stay should be denied for the following reasons.

## ARGUMENT

The request for stay by Deputy James Montiel has no time limit and is 100% reliant upon an unfounded hypothetical. There has been no confirmation from the State Attorney's Office that they are conducting any type of Criminal Investigation

and if they were considering charges against Montiel a decision should have been made by now.  The Defendant is asking this Court to grant him a blanket stay with no time limit.  Which is exactly what the appellate Court in *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262 (11th Cir. 2000) said the district Courts should not do.  The Plaintiff already waited ten months prior to filing a lawsuit.  The Plaintiff should not have to wait any longer and definitely should not have to wait for an undetermined amount of time. "A stay of civil proceedings pending outcome of criminal proceedings is not constitutionally required" *United States v. Lot* 5, 23 F.3d 359, 364 (11th Cir. 1994) In less than a year the district attorneys office in George Floyds case was able to indict and prosecute George Floyd.  After Salaythis Melvin was shot and killed by Deputy James Montiel on August 7, 2020, there was another Deputy involved shooting on November 13, 2020, in which an officer opened fire killing two teenage boys 18-year-old Sincere Pierce and 16-year-old Angelo Crooms and the State Attorneys office investigated that shooting and determined charges would not be filed against the officer involved in that shooting in less than five months.  The District Attorney in the Reshard Brooks case did not take a year to determine whether charges would be filed against the officer involved in that shooting.

     Aside from the fact that the State Attorney in the case involving the killing of Salaythis Melvin has not officially announced that she is even considering

charges against Deputy Montiel. It has been a year since the shooting occurred and at this juncture without any deadline, updates, or even confirmation that there is a criminal investigation being considered Deputy Montiel is asking the Court to grant an indefinite stay.

FDLE has concluded its investigation into the shooting and has turned its findings over to the State Attorneys Office. The Plaintiff has made the State Attorney aware that she was filing this lawsuit and there was not any concern from the State Attorneys Office. The State Attorneys Office has not filed any pleadings with this Court requesting that this Court stay the litigation in anticipation of the possibility of charges being considered. There is currently not an active criminal investigation, and the state attorney has not given any indication that they plan on or ever were considering filing charges in this case at anytime or in the foreseeable future.

If this were not a police shooting case, there would have definitely been a filing decision made by now. This should not be treated any differently and the Plaintiff should not have to wait any longer to have access to the evidence. The Plaintiff should not have to wait any longer to know the names of the officers involved. The Plaintiff should not have to continue to allow evidence to possibly be destroyed or lost because a stay is in place preventing the Plaintiff from litigating this case and getting access to evidence that she has not been able to obtain since Mr. Melvin was killed. If the Court grants the Defendant's stay the Plaintiff will continue to not be

able to gain access to evidence needed to litigate the case. Evidence that has not been available to the Plaintiff since the shooting occurred. Video footage that has not been made available to the plaintiff. Medical examiner reports that have not been made available to the Plaintiff. A ton of evidence that the Plaintiff cannot get access to without being able to conduct discovery. A lot of this evidence may not be preserved the longer the Plaintiff is not able to gain access to the evidence and the longer the Plaintiff is not able to use subpoena power to get access to certain evidence. Granting the Defendant Motion and unlimited time for a stay will severely prejudice the Plaintiff in being able to litigate its case as it is made obvious thus far by the Plaintiff having to list John Doe as parties because Plaintiff does not have access to the names of the officers that were present when Salaythis was killed.

Deputy Montiel is essentially asking for a blanket stay without any time limitations. Salaythis Melvin was not shot and killed yesterday. He was not shot and killed a month ago. He was not shot and killed six months ago. He was shot in the back and killed on August 7, 2021, which is just 4 days shy of a year from the day this response is filed.

## **CONCLUSION**

Essentially it has been a year since Salaythis Melvin was shot in the back and killed by Deputy Montiel. It has been nine months since FDLE has concluded its investigation. Deputy Montiel is back at work without any disciplinary action.

The State Attorney has had a year to file charges and thus far has declined to file any charges on Deputy Montiel and has not given any indication that they are even considering filing charges. Plaintiff is requesting the Court Deny Deputy James Montiel Motion for Stay. Granting the Defendants Motion would be allowing the Defendant to delay litigation for an indefinite amount of time as it has already been a year since Salaythis Melvin was shot and killed and criminal charges have not been filed against Deputy Montiel and there is no indication that criminal charges will ever be filed.

**Law Office of Haynes and Laurent, P.A.**

  /s/ Bradley N. Laurent
**BRADLEY N. LAURENT, ESQUIRE**
Florida Bar Number: 0010530
Attorney for PLAINTIFF

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 3, 2021, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to: Brian Moes, Esquire and G. Ryan Dietrich, Esquire, Ketcham, Eide, Telan, Meltz & Wallace, PA, PO Box 538065, Orlando, FL 32853-8065 and Bruce R. Bogan Esquire, Hilyard, Bogan & Palmer, P.A, PO Box 4973, Orlando, FL 32802-4973.

**Law Office of Haynes and Laurent, P.A.**

  /s/ Bradley N. Laurent

**BRADLEY N. LAURENT, ESQUIRE**
Florida Bar Number: 0010530
8615 Commodity Circle, Unit 6
Orlando, FL 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
bnl@fighting4ulaw.com
Attorney for PLAINTIFF