UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHELIN D. MCKEE,**

        **Plaintiff,**

v.              Case No. 6:21-cv-1085-CEM-EJK

**JAMES MONTIEL, ERIC WHEELER, JOHN W. MINA, EDDIE GARCIA, ROBERT FISHER, WILLIAM RAMBEAU, JOSHUA MOORE, and CORY HELLER,**

        **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Defendant James Montiel's Motion to Dismiss Count X ("Deputy Montiel's Motion," Doc. 50), Defendant John W. Mina's Motion to Dismiss ("Sheriff Mina's Motion," Doc. 51), and Defendants Deputy Eddie Garcia Deputy Robert Fischer, Corporal Eric Wheeler, Detective William Rambeau, Deputy Joshua Moore, and Deputy Cory Heller's Motion to Dismiss ("Deputies' Motion," Doc. 52). Plaintiff filed Responses (Doc. Nos. 53, 55, 54) to each motion, respectively. For the reasons stated herein, Deputy Montiel's Motion and the Deputies' Motion will be granted, and Sheriff Mina's Motion will be denied.

I. **BACKGROUND**

This case arises from an encounter between police officers with the Orange County Sheriff's Office ("OCSO") and Salaythis Melvin, which resulted in the shooting death of Melvin by Deputy Montiel. (Am. Compl., Doc. 46, at 7–12). Plaintiff, who is the Personal Representative of Melvin's Estate, filed this action against seven OCSO officers involved in the encounter, along with Orange County Sheriff John W. Mina, alleging constitutional violations under 42 U.S.C. § 1983. (*Id.* at 5–6). Plaintiff asserts seventeen counts—eight § 1983 claims against Defendant officers in their individual capacity, two of which are alleged against Deputy Montiel and one claim each against the remaining officers; a single § 1983 claim against Sheriff Mina in his official capacity alleging deliberate indifference in training; seven counts alleging § 1983 conspiracy claims against each Defendant officer; and a single state battery claim against Deputy Montiel. (*Id.* at 17–50). Defendant officers all move for dismissal of the § 1983 conspiracy claims, (Doc. 50 at 4; Doc. 52 at 13), and Sheriff Mina moves for dismissal of the deliberate indifference official capacity claim, (Doc. 51 at 15).

II. **LEGAL STANDARD**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."

In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III.   ANALYSIS

#### A.   Section 1983 Conspiracy Claims

The individual officer Defendants argue for dismissal of the § 1983 conspiracy claims, Counts X through XVI, arguing that the claims are barred by the intracorporate conspiracy doctrine. "The intracorporate conspiracy doctrine bars conspiracy claims against corporate or government actors accused of conspiring

together within an organization." *Rehberg v. Paulk*, 611 F.3d 828, 855 (11th Cir. 2010) (citing *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000) ("[I]t is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself.")). "[U]nder the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010) (quoting *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc)). Rather, the doctrine "holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *Id.* (quoting *McAndrew*, 206 F.3d at 1036). "The doctrine applies to public entities such as the [County] and its personnel." *Id.* (quoting *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001)); *Rehberg*, 611 F.3d at 855 (concluding that the intracorporate conspiracy doctrine barred § 1983 conspiracy claim against a county employee).

Plaintiff argues—without any citation to legal authority—that "[i]t is not necessary that one of the actors to prove a § 1983 conspiracy claim be an outside actor as the Defendant is alleging but only at least one of the conspirators be a state actor." (Doc. 53 at 5; Doc. 54 at 6). This is a frivolous argument. As explained by the Eleventh Circuit in *Detris v. Coats*, a factually analogous § 1983 case alleging conspiracy claims against officers in a sheriff's department, a conspiracy claim

against individual officers fails as a matter of law when the plaintiff has not alleged that any of the conspirators "worked outside of the . . . Sheriff's Department." 523 F. App'x 612, 616 (11th Cir. 2013); *Denney*, 247 F.3d at 1190–91 (stating that "the only two conspirators identified . . . are both City employees; no outsiders are alleged to be involved" and holding that the intracorporate conspiracy doctrine barred plaintiffs' § 1985(3) conspiracy claims for deprivation of their equal protection rights).

Plaintiff alleges that the conspirators here were the seven Defendant officers. (*See, e.g.*, Doc. 46 at 39). Their alleged conspiracy was "to violate Plaintiffs' rights to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution." (*Id.*). They carried out this alleged conspiracy while "serving an arrest warrant" on an individual that was with Melvin at the time of the incident. (*Id.* at 7). Serving an arrest warrant is within the scope of Defendant officers' employment as police officers, and Plaintiff does not allege that anyone outside the Sheriff's Department was involved in the conspiracy. Therefore, Counts X through XVI are barred by the intracorporate conspiracy doctrine and will be dismissed on this basis.[1] *Grider*, 618 F.3d at 1261; *Rehberg*, 611 F.3d at 855; *Denney*, 247 F.3d at 1190–91; *Detris*, 523 F. App'x at 616.

B.  **Deliberate Indifference Claim**

---

[1] Because the conspiracy claims are barred by the intracorporate conspiracy doctrine, the Court need not address Plaintiff's or Defendant officers' remaining arguments regarding these counts.

Sheriff Mina argues that Count IX, Plaintiff's § 1983 deliberate indifference failure to train claim, should be dismissed for two reasons—because it is a shotgun pleading and because Plaintiff does not plead a pattern or practice of failing to train.

### 1.     *Shotgun Pleading*

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different

count each cause of action or claim for relief." *Id*. at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1323.

Sheriff Mina argues that Count IX is the third type of shotgun pleading, "alleg[ing] constitutional violations in connection with not only the OCSO's training programs but also its use of force policy" and "rel[ying] on two distinct underlying constitutional violations." (Doc. 51 at 9–10). Plaintiff explains that all of the allegations in Count IX are "part of the same claim." (Doc. 55 at 4). Specifically, Plaintiff clarifies that Count IX alleges that OCSO "failed to provide adequate training for the use of deadly force on a person running that poses no threat to an officer." (*Id.*). The supporting allegations, according to Plaintiff, outline "[t]he procedures and methods that contribute[d] to the failures" of OCSO. (*Id.* at 5).

Plaintiff, as the master of her complaint, is alleging a claim for OCSO's failure to train on the use of excessive force. *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008) ("The plaintiff is the master of the complaint" and "[t]he plaintiff selects the claims that will be alleged in the complaint." (quoting *United States v. Jones*, 125 F.3d 1418, 1428 (11th Cir. 1997))). The allegations for this claim are sufficiently

pleaded to provide Sheriff Mina adequate notice of the claims against him.[2] *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) ("In general, a shotgun pleading fails to give the defendants adequate notice of the claims against them."). Therefore, this claim will not be dismissed on shotgun pleading grounds.

### 2.   Failure to Train

"[T]here are limited circumstances in which an allegation of a 'failure to train' can be the basis for [municipal] liability under § 1983." *City of Canton*, 489 U.S. at 387. The Eleventh Circuit has held that such limited circumstances exist only "where a plaintiff can show that: (1) the municipality inadequately trained or supervised its officers; (2) the failure to train or supervise is a city policy; and (3) the city's policy caused the officer to violate the plaintiff's constitutional rights." *Williams v. City of Homestead*, 206 F. App'x 886, 890 (11th Cir. 2006) (per curiam) (citing *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)). "[A] plaintiff may prove a city policy by showing that the municipality's failure to train evidenced a 'deliberate indifference' to the rights of its inhabitants." *Gold*, 151 F.3d at 1350 (citing *City of Canton*, 489 U.S. at 388–89). "To establish . . . 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id.* Additionally, "[a] pattern of similar constitutional violations by

---

[2] Indeed, Sheriff Mina's Motion to Dismiss includes arguments as to why he thinks this claim should fail as to training on the use of excessive force. (Doc. 51 at 12–15).

untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Weiland*, 792 F.3d at 1328 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)).

Here, Plaintiff alleges that OCSO "inadequately train[ed]" its officers "on proper use of force," (Doc. 46 at 34), including "methods to avoid the infliction of deadly force on a person who is not posing a threat," (*id.* at 35). To demonstrate a patten of similar past constitutional violations in support of this claim, the Amended Complaint provides details regarding two previous alleged excessive force incidents involving OCSO, one in 2010 and one in 2017. (*Id.* at 14–15). Sheriff Mina argues that "[t]hese two cases are insufficient to show that the OCSO knew or should have known of a need to train" on the use of excessive force.[3] (Doc. 51 at 13). Sheriff Mina then argues that the two incidents cited are distinguishable based on the facts of those cases.

Sheriff Mina's argument for dismissal of this claim fails for at least two reasons. First, at the motion to dismiss stage, a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *United Techs.*, 556 F.3d at 1269. At this stage, taking the allegations in the Amended Complaint as true and viewing them in the light most favorable to

---

[3] Sheriff Mina also argues that Count IX fails to state a claim based on a failure to train officers on the use of body cameras. However, Plaintiff's failure to train claim, as clarified in her Response, is based on a failure to train on the proper use of force and is not based on a failure to train on the use of body cameras. Therefore, this argument need not be further addressed by the Court. However, the Court will note that Plaintiff will be limited to this theory of her claim proceeding forward in this litigation.

Plaintiff, these two incidents would be enough to put OCSO on notice of a need to train its officers in the use of excessive force.[4] Second, under Eleventh Circuit legal authority, evidence of prior incidents is not required where "the need to train and supervise in the particular areas in issue [is] so obvious and the likelihood of constitutional violations [is] highly predictable so that liability attaches for [a] single incident."[5] *Gold*, 151 F.3d at 1352–53. One such area of training is "the proper use of firearms and the correct use of deadly force." *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1293 (11th Cir. 2009) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty.*, 520 U.S. at 409 and citing *City of Canton*, 489 U.S. at 390 n.10) (noting that the single incident exception for a failure to train claim is "reserved for 'a narrow range of circumstances [where] a violation of federal rights may be a highly predictable consequence' of a failure to provide adequate training"). Accordingly, Sheriff Mina's Motion to Dismiss will be denied, and Count IX will not be dismissed at this time.

## IV. Conclusion

---

[4] Sheriff Mina argues that the material facts in these two cases are distinguishable from the instant case and requests that the Court take judicial notice of those facts. It is true that a court may take judicial notice of filings in other cases "to establish the fact of such litigation and related filings," but the Court may not take notice of those filings "for the truth of the matters asserted in the other litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal quotations omitted). At this stage, the Court accepts the factual allegations in Plaintiff's Amended Complaint as true. *United Techs.*, 556 F.3d at 1269.

[5] Sheriff Mina states in a footnote to his motion that "[t]here is no indication that Plaintiff intended to assert a claim under the obvious need exception." (Doc. 51 at 13). However, Plaintiff need not plead that she is proceeding under a particular legal theory but rather only need allege sufficient facts to state a claim upon which relief can be granted.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant James Montiel's Motion to Dismiss Count X (Doc. 50) is **GRANTED**.

    a. Count X is **DISMISSED**.

2. Defendants Deputy Eddie Garcia Deputy Robert Fischer, Corporal Eric Wheeler, Detective William Rambeau, Deputy Joshua Moore, and Deputy Cory Heller's Motion to Dismiss (Doc. 52) is **GRANTED**.

    a. Counts XI through XVI are **DISMISSED**.

3. Defendant John W. Mina's Motion to Dismiss (Doc. 51) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 12, 2022.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record