UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:21-cv-01085-CEM-EJK

MICHELIN D. MCKEE, as Personal
Representative of the Estate of
SALAYTHIS MELVIN, the
Deceased,

    Plaintiff,

vs.

DEPUTY JAMES MONTIEL, in his
individual capacity and as an agent of
ORANGE COUNTY SHERIFF'S OFFICE;
DEPUTY EDDIE GARCIA, in his
individual capacity and as an agent of
ORANGE COUNTY SHERIFF'S OFFICE;
DEPUTY ROBERT FISCHER, in his
individual capacity and as an agent of
ORANGE COUNTY SHERIFF'S OFFICE;
CORPORAL ERIC WHEELER, in his
individual capacity and as an agent of
ORANGE COUNTY SHERIFF'S OFFICE;
DETECTIVE WILLIAM RAMBEAU in his
individual capacity and as an agent of
ORANGE; DEPUTY JOSHUA MOORE, in
his individual capacity and as an agent of
ORANGE COUNTY SHERRIFF'S
OFFICE; DEPUTY CORY HELLER, in his
individual capacity and as an agent of the
ORANGE COUNTY SHERIFF'S OFFICE;
and JOHN W. MINA, in his official
capacity as ORANGE COUNTY SHERIFF,

    Defendants.
_____/

## DEFENDANT JOHN W. MINA's, IN HIS OFFICIAL CAPACITY AS ORANGE COUNTY SHERIFF, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, JOHN W. MINA, in his official capacity as ORANGE COUNTY SHERIFF ("Sheriff Mina"), by and through undersigned counsel, and files this his Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and states as follows:

### JURISDICTION AND VENUE

1. Admitted for jurisdictional and venue purposes only.

2. Admitted for jurisdictional and venue purposes only.

3. Denied.

4. Admitted for jurisdictional and venue purposes only.

### NATURE OF THE ACTION

5. Admitted that on August 7, 2020 Salaythis Melvin was fatally shot by James Montiel. Admitted that James Montiel was employed as a deputy sheriff for Sheriff Mina. All remaining allegations within paragraph 5 are denied.

6. Admitted as to race and gender only. All remaining allegations within paragraph 6 are denied.

7. Admitted for jurisdictional purposes only.

### PARTIES

8. Without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied.

## GENERAL ALLEGATIONS

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted that Mr. Sands was apprehended pursuant to a felony warrant for possession of a firearm by a convicted felon. The remaining allegations in sub parts (a) and (b) are denied.

25. Denied.

26. Denied.

27. Without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Without knowledge and therefore denied.

31. Without knowledge and therefore denied.

32. Denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Denied.

36. Denied.

37. Admitted only that Mr. Melvin was not the subject of an arrest warrant. All remaining allegations within paragraph 37 are denied.

38. Denied.

39. Denied.

40. Admitted that Mr. Sands was wanted under a felony warrant. All remaining allegations within paragraph 40 are denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Without knowledge and therefore denied.

51. Without knowledge and therefore denied.

52. Denied.

53. Denied.

54. Denied.

    a. Denied.

        i. Denied.

        ii. Without knowledge and therefore denied.

    b. Denied.

        i. Denied.

        ii. Admitted that the deputies were not equipped with body cam. All inferences of impropriety are denied.

55. Defendant admits that body cam video of the incident exists. The remainders of the allegations within paragraph 55 are denied.

56. Without knowledge and therefore denied.

57. Denied.

58. Admitted that James Montiel was not equipped with body cam. The remainder of the allegations and all inferences of impropriety are denied.

59. Without knowledge and therefore denied.

60. Without knowledge and therefore denied.

61. Without knowledge and therefore denied.

62. Denied.

63. As to force used by Deputy Montiel the allegations are denied. Without knowledge as to Mr. Melvin.

64. Denied.

65. Denied.

66. Denied.

## COUNT I
## 48 U.S.C. §1983
## Excessive Force in Violation of Fourth and Fourteenth Amendments
## (claim against Deputy James Montiel)

67. The allegations contained within Count I are directed to Montiel in his individual capacity and therefore no response to the allegations within

paragraphs 68 through 73 is required by Sheriff Mina.  To the extent as response is required Sheriff Mina denies the allegations that comprise Count I.

68. Not applicable; see Defendant's foregoing response.

69. Not applicable; see Defendant's foregoing response.

70. Not applicable; see Defendant's foregoing response.

71. Not applicable; see Defendant's foregoing response.

72. Not applicable; see Defendant's foregoing response.

73. Not applicable; see Defendant's foregoing response.

## COUNT II
## 48 U.S.C. § 1983
## Fourth Amendment and Fourteenth Amendment
## (claims against Deputy Montiel)

74. The allegations contained within Count II are directed to Montiel in his individual capacity and therefore no response to the allegations within paragraphs 75 through 83 is required by Sheriff Mina.  To the extent as response is required Sheriff Mina denies the allegations that comprise Count II.

75. Not applicable; see Defendant's foregoing response.

76. Not applicable; see Defendant's foregoing response.

77. Not applicable; see Defendant's foregoing response.

78. Not applicable; see Defendant's foregoing response.

79. Not applicable; see Defendant's foregoing response.

80. Not applicable; see Defendant's foregoing response.

81. Not applicable; see Defendant's foregoing response.

82. Not applicable; see Defendant's foregoing response.

83. Not applicable; see Defendant's foregoing response.

## COUNT III
## 42 U.S.C. § 1983
## Fourth Amendment and Fourteenth Amendment
## (claims against Corporal Eric Wheeler)

84. The allegations contained within Count III are directed to Eric Wheeler in his individual capacity and therefore no response to the allegations within paragraphs 68 through 73 is required by Sheriff Mina. To the extent as response is required Sheriff Mina denies the allegations that comprise Count III.

85. Not applicable; see Defendant's foregoing response.

86. Not applicable; see Defendant's foregoing response.

87. Not applicable; see Defendant's foregoing response.

88. Not applicable; see Defendant's foregoing response.

89. Not applicable; see Defendant's foregoing response.

90. Not applicable; see Defendant's foregoing response.

91. Not applicable; see Defendant's foregoing response.

92. Not applicable; see Defendant's foregoing response.

93. Not applicable; see Defendant's foregoing response.

94. Not applicable; see Defendant's foregoing response.

### COUNT IV
### 42 U.S.C. § 1983
### Fourth Amendment and Fourteenth Amendment
### (claims against Deputy Eddie Garcia)

95. The allegations contained within Count IV are directed to Eddie Garcia in his individual capacity and therefore no response to the allegations within paragraphs 96 through 105 is required by Sheriff Mina. To the extent as response is required Sheriff Mina denies the allegations that comprise Count IV.

96. Not applicable; see Defendant's foregoing response.

97. Not applicable; see Defendant's foregoing response.

98. Not applicable; see Defendant's foregoing response.

99. Not applicable; see Defendant's foregoing response.

100. Not applicable; see Defendant's foregoing response.

101. Not applicable; see Defendant's foregoing response.

102. Not applicable; see Defendant's foregoing response.

103. Not applicable; see Defendant's foregoing response.

104. Not applicable; see Defendant's foregoing response.

105. Not applicable; see Defendant's foregoing response.

### COUNT V
### 42 U.S.C. § 1983
### Fourth Amendment and Fourteenth Amendment
### (claims against Deputy Robert Fisher)

106. The allegations contained within Count V are directed to Robert Fisher in his individual capacity and therefore no response to the allegations within paragraphs 107 through 116 is required by Sheriff Mina. To the extent as response is required Sheriff Mina denies the allegations that comprise Count V.

107. Not applicable; see Defendant's foregoing response.

108. Not applicable; see Defendant's foregoing response.

109. Not applicable; see Defendant's foregoing response.

110. Not applicable; see Defendant's foregoing response.

111. Not applicable; see Defendant's foregoing response.

112. Not applicable; see Defendant's foregoing response.

113. Not applicable; see Defendant's foregoing response.

114. Not applicable; see Defendant's foregoing response.

115. Not applicable; see Defendant's foregoing response.

116. Not applicable; see Defendant's foregoing response.

### COUNT VI
### 42 U.S.C. § 1983
### Fourth Amendment and Fourteenth Amendment
### (claims against Detective William Rambeau)

117. The allegations contained within Count VI are directed to William Rambeau in his individual capacity and therefore no response to the allegations

within paragraphs 118 through 127 is required by Sheriff Mina. To the extent as response is required Sheriff Mina denies the allegations that comprise Count VI.

118. Not applicable; see Defendant's foregoing response.

119. Not applicable; see Defendant's foregoing response.

120. Not applicable; see Defendant's foregoing response.

121. Not applicable; see Defendant's foregoing response.

122. Not applicable; see Defendant's foregoing response.

123. Not applicable; see Defendant's foregoing response.

124. Not applicable; see Defendant's foregoing response.

125. Not applicable; see Defendant's foregoing response.

126. Not applicable; see Defendant's foregoing response.

127. Not applicable; see Defendant's foregoing response.

### COUNT VII
### 42 U.S.C. § 1983
### Fourth Amendment and Fourteenth Amendment
### (claims against Deputy Joshua Moore)

128. The allegations contained within Count VII are directed to Joshua Moore in his individual capacity and therefore no response to the allegations within paragraphs 129 through 138 is required by Sheriff Mina. To the extent as response is required Sheriff Mina denies the allegations that comprise Count VII.

129. Not applicable; see Defendant's foregoing response.

130. Not applicable; see Defendant's foregoing response.

131. Not applicable; see Defendant's foregoing response.

132. Not applicable; see Defendant's foregoing response.

133. Not applicable; see Defendant's foregoing response.

134. Not applicable; see Defendant's foregoing response.

135. Not applicable; see Defendant's foregoing response.

136. Not applicable; see Defendant's foregoing response.

137. Not applicable; see Defendant's foregoing response.

138. Not applicable; see Defendant's foregoing response.

### COUNT VIII
### 42 U.S.C. § 1983
### Fourth Amendment and Fourteenth Amendment
### (claims against Deputy Cory Heller)

139. The allegations contained within Count VIII are directed to Cory Heller in his individual capacity and therefore no response to the allegations within paragraphs 140 through 149 is required by Sheriff Mina. To the extent as response is required Sheriff Mina denies the allegations that comprise Count VIII.

140. Not applicable; see Defendant's foregoing response.

141. Not applicable; see Defendant's foregoing response.

142. Not applicable; see Defendant's foregoing response.

143. Not applicable; see Defendant's foregoing response.

144. Not applicable; see Defendant's foregoing response.

145. Not applicable; see Defendant's foregoing response.

146. Not applicable; see Defendant's foregoing response.

147. Not applicable; see Defendant's foregoing response.

148. Not applicable; see Defendant's foregoing response.

149. Not applicable; see Defendant's foregoing response.

### COUNT IX
### 42 U.S.C. § 1983 (*Monell)* Deliberate Indifference in Training
### (claims against John W. Mina, in his official capacity
### as Orange County Sheriff)

150. Defendant incorporates by reference the responses to paragraphs 1 through 66 above.

151. Denied.

152. Denied.

153. Denied in whole and subparts (a) through (n).

154. Denied

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

### COUNT X

### Unreasonable Search and Seizure
### Conspiracy to Violate Civil Rights
### (claims against Deputy James Montiel)

162. Count X has been dismissed.  [Doc. 61].

163. Count X has been dismissed.  [Doc. 61].

164. Count X has been dismissed.  [Doc. 61].

165. Count X has been dismissed.  [Doc. 61].

166. Count X has been dismissed.  [Doc. 61].

### COUNT XI
### Unreasonable Search and Seizure
### Conspiracy to Violate Civil Rights
### (claims against Corporal Eric Wheeler)

167. Count XI has been dismissed.  [Doc. 61].

168. Count XI has been dismissed.  [Doc. 61].

169. Count XI has been dismissed.  [Doc. 61].

170. Count XI has been dismissed.  [Doc. 61].

171. Count XI has been dismissed.  [Doc. 61].

### COUNT XII
### Unreasonable Search and Seizure
### Conspiracy to Violate Civil Rights
### (claims against Deputy Eddie Garcia)

172. Count XII has been dismissed.  [Doc. 61].

173. Count XII has been dismissed.  [Doc. 61].

174. Count XII has been dismissed.  [Doc. 61].

175. Count XII has been dismissed.  [Doc. 61].

176. Count XII has been dismissed.  [Doc. 61].

### COUNT XIII
### Unreasonable Search and Seizure
### Conspiracy to Violate Civil Rights
### (claims against Deputy Robert Fischer)

177. Count XIII has been dismissed.  [Doc. 61].

178. Count XIII has been dismissed.  [Doc. 61].

179.  Count XIII has been dismissed.  [Doc. 61].

180. Count XIII has been dismissed.  [Doc. 61].

181. Count XIII has been dismissed.  [Doc. 61].

### COUNT XIV
### Unreasonable Search and Seizure
### Conspiracy to Violate Civil Rights
### (claims against Detective William Rambeau)

182. Count XIV has been dismissed.  [Doc. 61].

183. Count XIV has been dismissed.  [Doc. 61].

184. Count XIV has been dismissed.  [Doc. 61].

185. Count XIV has been dismissed.  [Doc. 61].

186.  Count XIV has been dismissed.  [Doc. 61].

### COUNT XV
### Unreasonable Search and Seizure
### Conspiracy to Violate Civil Rights
### (claims against Deputy Joshua Moore)

187. Count XV has been dismissed.  [Doc. 61].

188. Count XV has been dismissed. [Doc. 61].

189. Count XV has been dismissed. [Doc. 61].

190. Count XV has been dismissed. [Doc. 61].

191. Count XV has been dismissed. [Doc. 61].

### COUNT XVI
### Unreasonable Search and Seizure
### Conspiracy to Violate Civil Rights
### (claims against Deputy Cory Heller)

192. Count XVI has been dismissed. [Doc. 61].

193. Count XVI has been dismissed. [Doc. 61].

194. Count XVI has been dismissed. [Doc. 61].

195. Count XVI has been dismissed. [Doc. 61].

196. Count XVI has been dismissed. [Doc. 61].

### STATE LAW CLAIMS

### COUNT XVII – BATTERY
### (claims against Deputy James Montiel)

197. The allegations contained within Count XVIII are directed to Montiel in his individual capacity and therefore no response to the allegations within paragraphs 197 through 203 is required by Sheriff Mina. To the extent as response is required Sheriff Mina denies the allegations that comprise Count XVII.

198. Not applicable; see Defendant's foregoing response.

199. Not applicable; see Defendant's foregoing response.

200. Not applicable; see Defendant's foregoing response.

201. Not applicable; see Defendant's foregoing response.

202. Not applicable; see Defendant's foregoing response.

203. Not applicable; see Defendant's foregoing response.

## AFFIRMATIVE DEFENSES

1. Defendant affirmatively alleges and asserts that no deputy sheriff employed by Sheriff Mina violated Plaintiff's constitutional rights under the Fourth or Fourteenth Amendments to the United States Constitution and therefore no custom, practice or policy related to training or supervision provided or not provided by Sheriff Mina was the cause of Plaintiff's claimed damages.

2. Defendant affirmatively alleges and asserts that 1983 does not impose *respondeat superior* liability for the constitutional torts.

3. Defendants assert an entitlement to a setoff for any and all monies and compensation which Plaintiff has received from collateral sources, if any.

Defendants reserve the right to amend these Affirmative Defenses to assert any good faith affirmative defense that may arise or be discovered during discovery.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that that on October 24, 2022, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will

send a notice of electronic filing to the following: **Carlus L. Hayes, Esquire,** Law Office of Haynes and Laurent, P.A., 8615 Commodity Circle, Unit 6, Orlando, FL 32819 (champ@fighting4ulaw.com, ebony@fighting4ulaw.com and paralegal@fighting4ulaw.com) and **Bruce R. Bogan, Esquire**, Hilyard, Bogan & Palmer, PO Box 4973, Orlando, FL 32802-4973 (bbogan@hilyardlawfirm.com; mweiser@hilyardlawfirm.com and dwood@hilyardlawfirm.com).

/s/ Brian F. Moes
Brian F. Moes, Esquire
Florida Bar No. 39403
Walter A. Ketcham, Jr., Esquire
Florida Bar No. 156630
G. Ryan Dietrich, Esquire
Florida Bar No. 1007940
**Counsel for Mina**
Fisher Rushmer, P.A.
200 E. Robinson St., Suite 800
Orlando, FL 32801
Telephone: 407-843-2111
Facsimile: 407-422-1080
Email:
bmoes@fisherlawfirm.com
wketcham@fisherlawfirm.com
grdietrich@fisherlawfirm.com
sbrooks@fisherlawfirm.com