**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO.: 6:21-cv-01085-CEM-EJK**

**MICHELIN D. MCKEE, as Personal**
**Representative of the Estate of**
**SALAYTHIS MELVIN the Deceased,**
    **Plaintiff,**

**Vs.**

**DEPUTY JAMES MONTIEL, et al.**
    **Defendants.**
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT**
**WITNESSES OR IN THE ALTERNATIVE MOTION TO EXTEND**
**EXPERT WITNESS DISCLOSURE DEADLINE TO PERMIT**
**PLAINTIFF AN EXTENSION TO DISCLOSE EXPERT WITNESSES**
**AND REBUTTAL WITNESSES AND INCORPORATED**
**MEMORANDUM OF LAW**

    **COME NOW** the Plaintiff, MICHELIN D. MCKEE, as Personal Representative of the Estate of SALAYTHIS MELVIN the Deceased by and through her undersigned counsel, pursuant to *Federal Rule of Civil Procedure 37(c)(1),* and moves the Honorable Court for an order striking the Defendants', DEPUTY JAMES MONTIEL, DEPUTY MARCUS BULLOCK, DEPUTY ERIC R. WHEELER, DEPUTY EDDIE GARCIA, DEPUTY ROBERT FISHER, CORPORAL ERIC WHEELER, DEPUTY JOSHUA MOORE, DEPUTY CORY HELLER, and JOHN W. MINA, in his official capacity as ORANGE COUNTY SHERIFF expert witnesses, Dr. Richard M. Hough, Sr., Kyp Stavrou, Mark A. Johnson, and Steven Rundell, Ph.D, PE where they were

5

disclosed outside of date indicated in this Court's Case Management and Initial

Scheduling Order on March 28, 2022. (Doc. 56.).

However, in the alternative, the Plaintiff respectfully moves this

Honorable Court to extend the expert witness disclosure deadline to permit the

Plaintiff to file an expert witness list and a rebuttal witness list and as grounds

therefor state, allege, assert and argue as follows:

## PROCEDURAL BACKGROUND

1.    This case was filed in federal court by the Plaintiff on June 30, 2021,

(Doc. 1).

2.    Defendant, James Montiel filed his Answer on August 9, 2021 (Doc.

24)

3.    On August 12, 2021 the Court granted Defendant, James Montiel's

Motion to Stay. (Doc. 29)

4.    On November 22, 2021 the Court granted an unopposed Motion to

continue the Stay.  (Doc. 36)

5.    On February 10, 2022 the Court entered an order lifting the Stay.

(Doc.44)

6.    On February 24, 2022 the Plaintiff filed an Amended Complaint.  (Doc.

46)

7.    On March 4, 2022 Defendant, James Montiel filed his answer to

Plaintiff's Amended Complaint as to Counts I,II, and XVII. (Doc. 49)

8.    On March 4, 2022 Defendant, James Montiel filed a Motion to Dismiss

as to Count X of Plaintiff's Amended Complaint. (Doc. 50)

9.     On March 10, 2022 Defendant Mina filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 51)

10.     On March 10, 2022 Defendants, Robert Fisher, Eddie Garcia, Cory Heller, Joshua Moore, Eric Wheeler filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 52)

11.     On March 16, 2022 and March 24, 2022 Plaintiff filed responses to the Defendants' Motions to Dismiss.  (Doc. 54 and 55)

12.     The Court entered a Case Management and Initial Scheduling Order on March 28, 2022. (Doc. 56.)

13.     Regarding the disclosure of expert reports, the Court's Case Management and Scheduling Order stated Disclosure of Export Reports were due for Plaintiff by June 6, 2023 and for Defendants by July 6, 2023. Rebuttal Reports for Plaintiff is due by July 20, 2023.

14.     Due to interoffice turmoil, *the undersigned was unable to secure an expert in time to meet the June 6, 2023 deadline.  Instead of disclosing counsel's expert untimely, the undersigned decided to prepare the case without the use of an expert*.

15.     On Friday July 7, 2023, at approximately 11:25pm the Defendants served documents on Plaintiff titled, "Defendants', Joint Rule 26 Expert Disclosure." A copy of the document is attached as ***Exhibit A***.

16.     The Defendants contend in their disclosure that Dr. Richard M. Hough,

Sr., Kyp Stavrou, Mark A. Johnson, and Steven Rundell, Ph.D, PE are expert witnesses the Defendants have retained for trial and so they are subject to the disclosure requirements of Rule 26(a)(2)(B) and the Court's Case Management and Scheduling Order. (Doc.56)

17.    While the Defendants did provide reports authored by Dr. Richard M. Hough, Sr., Mark A. Johnson and Steven Rundell, Ph.D, PE, the opinion of Kyp Stavrou was allegedly contained in a link provided by the Defendants, however the undersigned was unable to open the link, and therefore the Defendants have failed to abide by the Court's Case Management and Scheduling Order in this regard as well. ***Exhibit C***

18.    This disclosure is late according to the Court's Case Management and Scheduling Order.    No extension of the time period was granted. Defendants' counsel did not contact the undersigned regarding a position on the untimely disclosure, but instead, sent over the expert witness list thirty-five minutes shy of the second day past the filing due date.

## MEMORANDUM OF LAW

Rule 26 requires a complete report from a retained expert witness, including, <u>inter alia</u>, his/her opinions and their basis, his/her qualifications and publications, a list of cases in which he/she has testified, and a statement of the compensation he/she is receiving for his/her testimony. ***See Rule 26(a)(2)(B)***. In addition, the Courts Case Management and Scheduling Order specifically states "the parties may not extend the deadlines herein by agreement or

stipulation". The deadline for the Defendants' expert disclosure was July 6, 2023.  Also, Plaintiff has not received the report for the Defendants' expert, Kyp Stavrou as a result of the Plaintiff not being able to access the link provided by the Defendants.  The late disclosure of the witnesses without the permission of the Court and the report of expert, Kyp Stavrou not being provided are grounds for the proposed Defendants' expert witnesses to be stricken by the Court. *See Rule 37(c)(1), Fed. R. Civ. P.*  However if the Court is not inclined to strike the Defendants' expert witnesses the Plaintiff request that this Honorable Court grant the Plaintiff fifteen (15) days to disclose their initial expert and rebuttal expert disclosures.

As noted by the Eleventh Circuit, a district court will not be disturbed on appeal for strictly holding litigants "to the clear terms of its scheduling orders." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).  Expert witness disclosure deadlines are not a mere procedural formality but are in place to ensure the parties have time to prepare their respective cases. *See Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citation omitted), *overruled on other grounds, Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 126 S. Ct. 1195 (2006).  ***Federal Rule of Civil Procedure 37(c)(1)*** provides for the exclusion of an expert witness if a party fails to disclose the witness or provide information as required by Rule 26(a)(2), unless the failure was substantially justified or harmless. "The failure to disclose an expert is substantially justified if there is justification to a degree that could

satisfy a reasonable person that parties differ as to whether the party was required to comply with the disclosure request. A harmless failure to disclose exists when there is no prejudice to the party entitled to receive the disclosure." *AIM Recycling Fla., LLC v. Metals USA, Inc.*, 2019 U.S. Dist. LEXIS 237462 (M.D. Fla. Oct. 8, 2019) *6, (internal quotations and *citations* omitted).

The prejudice to the Plaintiff based on the Defendants' untimely disclosure of their expert witnesses is that Plaintiff adhered strictly to Court's order and so should Defendants.  When learning that counsel would not be able to meet the time requirements, a cursory review of cases from the Middle District revealed cases where a small delay (one day in nature) in filing of a party's witness list did not warrant exclusion or granting of a motion to strike. *See Shaw v. Pizza Hut of Am., Inc.*, 2009 U.S. Dist. LEXIS 41603 (M.D. Fla. May 4, 2009); *Jabil Circuit v. Speedline Techs.*, 2010 U.S. Dist. LEXIS 165307 (M.D. Fla. Nov. 19, 2010);  and *Northrup v. Werner Enter., Inc.*, 2015 U.S. Dist. LEXIS 105281 (M.D. Fla. Aug. 11, 2015) (Denying Plaintiff's Motion to Strike where Defendant's rebuttal expert disclosure was one day late was harmless)

However, when counsel looked at the language of the scheduling orders at issue in those cases verses the language contained in this Court's Case Management and Scheduling Order, and having appeared before this Honorable Court and knowing how punctual this District Court judge is, the undersigned developed the opinion that no late filings would be tolerated and decided to

forgo retaining an expert.  For example, the court's scheduling order in *Shaw v. Pizza Hut of Am., Inc.* is void of any language regarding the parties extending the deadlines of the scheduling order. ***Exhibit B***

To the contrary, this Honorable Court's order clearly states and puts the parties on notice that "the parties may not extend the deadlines herein by agreement or stipulation".

It is within the Court's discretion to enforce its scheduling orders impose sanctions of Rule 37(c)(1). *See Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam); *Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004), *cert. denied*, 546 U.S. 960, 126 S. Ct. 478 (2005). The Court in the Middle District case in *Kaplan v. Kaplan,* No. 2:10-cv-237-FtM-99SPC, 2012 U.S. Dist. LEXIS 66114, at *6 (M.D. Fla. May 11, 2012) struck the Plaintiffs expert witnesses for disclosing past the deadline set in the Case Management Order because the Plaintiff did not provide sufficient justification as to why the witness was not timely disclosed.  While the untimely disclosure in that case was dealt with more than one day it also dealt with the disclosure of an expert witness where the report was not available as well.  Counsel submits this case for the proposition that  a trial court may exercise discretion and strike a party's untimely disclosed witnesses where the party that failed to timely disclose cannot provide sufficient justification for their untimely disclosure and also where the Court exercised its discretion where the party has failed to provide an experts report with its disclosure.

The Defendants' in the case before the Court have not requested any leave from the Court to extend the deadline to disclose their experts in accordance with the Case Management and Scheduling Order. (Doc. 56) Where the Plaintiff abided by this Court's Case Management and Scheduling Order and did not file expert witnesses after the deadline, the Defendant's should be held to the same standard. Therefore plaintiff seeks to have this Court enter an order striking the Defendants' expert witnesses.

However, in the alternative, where trial is scheduled more than seven months away, the Plaintiff humbly requests the Court enter an order permitting Plaintiff fifteen days to disclose expert's witnesses and thirty days in which to provide the expert witnesses' reports.

### Local Rule 3.01(g) conference

On July 18, 2023, the Plaintiffs' counsel conferred with the Defendants' counsel as required by Local Rule 3.01(g), and was advised the Defendants are opposed to the granting of this motion with the exception of Defendants are in agreement to the Plaintiffs receiving an extension for the disclosure of a rebuttal witness from July 20, 2023 to July 28, 2023.

### CONCLUSION

**WHEREFORE**, the Plaintiff moves the Honorable Court for an Order striking Defendants' expert witnesses, Dr. Richard M. Hough, Sr., Kyp Stavrou, Mark A. Johnson, and Steven Rundell, Ph.D, PE and not allow them to testify, or their information to be used as evidence in any motion, hearing,

or trial, for failure to timely comply with the requirements of Rule 26(a)(2)(B) or in the alternative grant Plaintiff a fifteen day extension to disclose its expert witnesses and rebuttal witnesses and thirty days to provide an expert report.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2023, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to: Brian Moes, Esquire, bmoes@fisherlawfirm.com and G. Ryan Dietrich, Esquire, gdietrich@fisherlawfirm.com, Fisher Rushmer, P.A. 200 E. Robinson St., Suite 800 Orlando, FL 32801 and Bruce R. Bogan Esquire, bbogan@hilyardlawfirm.com, Hilyard, Bogan & Palmer, P.A, PO Box 4973, Orlando, FL 32802-4973

**Haynes Law, P.A.**

*/s/ Carlus Haynes*
**CARLUS HAYNES, ESQ.**
Florida Bar Number: 0935611
8615 Commodity Circle, Unit 6
Orlando, Florida 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
Email: champ@fighting4ulaw.com
Attorney for PLAINTIFF