UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-01085-CEM-EJK

MICHELIN D. MCKEE as Personal
Representative of the Estate of
Salaythis Melvin, the Deceased,

    Plaintiff,
v.

DEPUTY JAMES MONTIEL, in his Individual
Capacity and as an agent of the ORANGE COUNTY
SHERIFF'S OFFICE;
DEPUTY ERIC R. WHEELER, in his Individual
Capacity and as an agent of the ORANGE COUNTY
SHERIFF'S OFFICE; DEPUTY JOHN DOE I,
in his Individual Capacity and as an agent of the
ORANGE COUNTY SHERIFF'S OFFICE;
DEPUTY JOHN DOE II, in his Individual Capacity
and as an agent of the ORANGE COUNTY SHERIFF'S
OFFICE; and JOHN W. MINA, in his Official
Capacity as ORANGE COUNTY SHERIFF,

    Defendants.
_____/

### DEFENDANTS' MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE AND OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendants, Deputy James Montiel, John W. Mina, in his official capacity as Sheriff of Orange County, Florida, and all other deputies, pursuant to Federal Rule of Civil Procedure 16(b), request this Court extend the deadline to disclose experts by one day, and deny Plaintiff's motion to strike, and as grounds state as follows:

1

## Grounds for the Motion

1. Due to no fault by the Defendants, the Plaintiff unilaterally opted to not disclose an expert on June 6, 2023, as required by the Court's order. (Doc. 56).

2. Defendants' disclosure was one day late due to inadvertently miscalendaring the deadline, and does not prejudice the Plaintiff. Defendants' deadline was July 6, 2023. (Doc. 56).

## Memorandum of Law

Rules 6 and 16 of the Federal Rules of Civil Procedure require a showing of good cause for extending a deadline or modifying a court's scheduling order. Fed. R. Civ. P. 6(b), 16(b)(4). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 U.S. Dist. LEXIS 17221, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010). Defendants have worked diligently to produce all experts in compliance with the Court's order. Defendants did not realize their mistake filing one day late until Plaintiff filed his motion to strike. (Doc. 70).

Federal Rule of Civil Procedure 26(a)(2) governs the procedure for disclosing expert reports. Federal Rule of Civil Procedure 37(c)(1) provides the sanctions that can be imposed if a party does not comply with the Rule 26(a)(2) disclosure requirements. Rule 37(c)(1) states, in part, as follows:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

In other words, when a party fails to comply with the disclosure requirements of Federal Rule of Civil Procedure 26, exclusion is automatic and mandatory, unless the disclosing party can show that the failure was substantially justified or harmless. *See Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009). Factors considered include: "(1) 'the explanation for the failure to disclose the witness,' (2) 'the importance of the testimony,' and (3) 'the prejudice to the opposing party if the witness had been allowed to testify.'" *Sabal Trail Transmission, LLC v. Lasseter*, 823 F. A'ppx 914, 919 (11th Cir. 2020) (quoting *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1321 (11th Cir. 2008)).

Here, the Plaintiff cannot demonstrate prejudice. Had the disclosure been filed a mere day earlier, the Plaintiff would still be in the position that he is now – having chosen not to disclose his own expert. The Plaintiff also failed to comply with the Court's order to disclose a rebuttal expert by July 20, 2023. The Plaintiff also waited eleven (11) days to notify counsel for the Defendants of his inability to access any materials related to Defendants' expert disclosure. Plaintiff still received the reports from Defendants' experts. Defendants are not opposed to granting the Plaintiff an extension until July 28, 2023, to disclose a rebuttal expert. A one day late disclosure by Defendants does not prejudice the Plaintiff. Courts

3

have held later disclosures to be acceptable. See, e.g., *Ellison v. Windt*, 2001 U.S. Dist. LEXIS 1347 *7 (M.D. Fla. Jan .24, 2001) (Disclosing experts two weeks after the deadline not prejudicial.).

Moreover, the testimony provided by the experts is essential to the case, and includes painstakingly produced 3D recreations of the scene of the crime via photographs based on advanced laser scans. This expert testimony will aid the Defendants in their explanation of the split-second decision making officers had to make with multiple fleeing suspects.

Additionally, Defendants' failure to disclose their experts was based on an inadvertent scheduling error by Defendant's office, which scheduled the deadline to disclose off by one day. This constitutes excusable neglect.

The Supreme Court has designated four factors that a court should consider when determining whether a late filing results from excusable neglect: (1) "the danger of prejudice to the [opposing party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Moreover, the Eleventh Circuit expresses a "strong preference that cases be heard on the merits," *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam), and "strive[s] to afford a litigant his or her day in

court, if possible," *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005).

As demonstrated above, there is no prejudice to the Plaintiff. A one day delay certainly does not interrupt the remainder of the Court's deadlines as laid out in the Uniform Case Management and Scheduling Order. (Doc. 56). Discovery can proceed as initially contemplated, along with dispositive motions, and trial dates. Defendants did not act in bad faith by inadvertently filing one day later.

For these reasons, Defendants request this Honorable Court extend the deadline to disclose by one day and deny Plaintiff's motion to strike. (Doc. 70). Defendant does not oppose the Court allowing the Plaintiff until July 28, 2023 to disclose a rebuttal expert.

### 3.01(g) Certification

Undersigned counsel for the Defendants, David Jadon, confirms that he has conferred with Plaintiff's counsel, Carlus Haynes, on July 21, 2023 via telephone. Mr. Haynes advised he is opposed to Defendants' motion to extend the deadline to disclose Defendants' experts by one day, but is not opposed to an extension to disclose Plaintiff's rebuttal experts.

5

Dated this 21st day of July, 2023.

| | |
|---|---|
| **/s/ Bruce R. Bogan** | **/s/ Brian F. Moes** |
| Bruce R. Bogan, Esquire | Brian F. Moes, Esquire |
| Fla. Bar No. 599565 | Florida Bar No. 39403 |
| David R. Jadon, Esquire | Walter A. Ketcham, Jr., Esquire |
| Fla. Bar No. 1010249 | Florida Bar No. 156630 |
| Hilyard, Bogan & Palmer, P.A. | G. Ryan Dietrich, Esquire |
| Post Office Box 4973 | Florida Bar No. 1007940 |
| Orlando, FL 32802-4973 Telephone: 407-425-4251 Facsimile: 407-841-8431 | Fisher Rushmer, P.A. |
| Email: bbogan@hilyardlawfirm.com djadon@hilyardlawfirm.com | 200 E. Robinson St., Suite 800 |
| Attorneys for Defendant Montiel | Orlando, FL 32801 |
| | Telephone: 407-843-2111 |
| | Facsimile: 407-422-1080 |
| | Email: bmoes@fisherlawfirm.com wketcham@fisherlawfirm.com grdietrich@fisherlawfirm.com sbrooks@fisherlawfirm.com |
| | Attorneys for Wheeler, Sheriff Mina, Garcia, Fisher, Rambeau, Moore & Heller |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of July, 2023, a true copy hereof has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to Plaintiff's counsel, **Carlus Haynes, Esquire,** Law Offices of Haynes and Laurent, P.A., 8615 Commodity Circle, Unit 6, Orlando, Florida  32819 **Brian Moes, Esquire**, Fisher Rushmer, P.A., 200 East Robinson Street, Suite 800, Orlando, FL 32801, and **Walter Ketcham, Esquire**, Fisher Rushmer, P.A., 200 East Robinson Street, Suite 800, Orlando, FL 32801.

/s/ Bruce R. Bogan
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
David R. Jadon, Esquire
Fla. Bar No. 1010249
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile:  407-841-8431
Email: bbogan@hilyardlawfirm.com
djadon@hilyardlawfirm.com
Attorneys for Defendant Montiel