UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHELIN D. MCKEE,**

      **Plaintiff,**

v.                                                    Case No: 6:21-cv-1085-CEM-EJK

**JAMES MONTIEL, ERIC WHEELER, JOHN W. MINA, EDDIE GARCIA, ROBERT FISHER, WILLIAM RAMBEAU, JOSHUA MOORE, and CORY HELLER,**

      **Defendants.**

## ORDER

This cause comes before the Court on the following:

1. Plaintiff's Motion to Strike Defendant's Expert Witnesses, or in the Alternative, Motion to Extend Expert Witness Disclosure Deadline to Permit Plaintiff an Extension to Disclose Expert Witnesses and Rebuttal Witnesses ("Plaintiff's Motion") (Doc. 70), filed July 20, 2023; and

2. Defendants' Motion to Extend Expert Disclosure Deadline ("Defendant's Motion") (Doc. 72), filed July 21, 2023.

The parties have filed their opposition briefs. (Docs. 72, 74.) Therefore, the matter is ripe for review. Upon consideration, Plaintiff's Motion is due to be denied, and Defendant's Motion is due to be granted.

I.  BACKGROUND

Plaintiff, Michelin McKee, as personal representative of Salaythis Melvin's estate, initiated this action on June 30, 2021. (Doc. 1.) Plaintiff's operative Amended Complaint seeks redress against seven Orange County Sheriff's Deputies and Orange County Sherriff John W. Mina, for the shooting death of Mr. Melvin. (Doc. 46.) The presiding District Judge dismissed Counts X through XVI of the Amended Complaint in its Order dated October 12, 2022. (Doc. 61.) The other claims remain pending.

Relevant to the instant Motions, the Court's Case Management and Scheduling Order ("CMSO") established that Plaintiff's expert disclosures were due June 6, 2023, Defendants' expert disclosures were due July 6, 2023, and rebuttal expert disclosures were due July 20, 2023. (Doc. 56.) Plaintiff, by her own admission, chose not to disclose an expert. (Doc. 70 at 3.) On July 7, 2023, one day past the court-established deadline, Defendants served documents on Plaintiff titled, "Defendants', Joint Rule 26 Expert Disclosure," disclosing four experts: Dr. Richard M. Hough, Sr., Kyp Stavrou, Mark A. Johnson, and Steven Rundell, Ph.D, PE, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). (*Id.*; Doc. 70-1.)[1] Discovery is currently set to close on

---

[1] While Defendants did provide reports authored by Dr. Richard M. Hough, Sr., Mark A. Johnson, and Steven Rundell, Ph.D, PE, Plaintiff was unable to access the report of Kyp Stavrou in the link provided by Defendants on July 7, 2023. (Doc. 70 at 4, 5.) Defendants, for their part, state that Plaintiff did not inform them that she could not access Stavrou's report until eleven days after it had been served, and further state that Plaintiff has now received all reports. (Doc. 72 at 3.) As Plaintiff does not seem to contend in her response that she is currently missing any expert reports (Doc. 74) and does not offer any additional argument on this point, the Court will not address this issue further.

August 4, 2023, and dispositive motions are due to be filed on September 5, 2023. (Doc. 56.)

## II. DISCUSSION

### A. Plaintiff's Motion

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Such disclosures must include a "written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The rule enumerates the items the report must contain. Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi).

If a party fails to provide information or identify a witness under Rule 26(a), then the party is not allowed to use that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotation and citation omitted). A harmless failure to disclose exists "when there is no prejudice to the party entitled to receive the disclosure." *Id.* at 683.

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the surprise to the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012).

Defendants' untimely expert witness disclosure was harmless, because it was only one day late, due to a calendaring error,[2] and no harm resulted to Plaintiff. As Plaintiff acknowledges (Doc. 70 at 6), judges in the Middle District of Florida generally do not strike expert disclosures that are only one day late, particularly where additional time remains to depose the experts. *See, e.g.*, *Northrup v. Werner Enter., Inc.*, No: 8:14-cv-1627-T-27JSS, 2015 U.S. Dist. LEXIS 105281, at *4 (M.D. Fla. Aug. 11, 2015) ("Defendants' untimely disclosure of its rebuttal expert by one day is harmless."); *Jabil*

---

[2] Plaintiff views with suspicion Defendants' claim that the late disclosure was due to a calendaring error, observing that it is unlikely that the Deputy Defendants, who are represented by one law firm, and the Sheriff, who is represented by a separate law firm, both made the *same* calendaring error. (Doc. 74 at 4.) While this is curious, the undersigned will assume that all parties are being candid with the Court, and in any event, this does not change the fact that Defendants' expert disclosure was still only one day late.

*Circuit v. Speedline Techs.*, No. 8:09-CV-1596-T-27EAJ, 2010 U.S. Dist. LEXIS 165307, at *2 (M.D. Fla. Nov. 19, 2010) (finding expert disclosures produced one day late was harmless where party had time to depose the disclosed experts). When Plaintiff received the one-day late disclosure, she still had nearly one month remaining in the discovery period to depose Defendants' experts. Moreover, Plaintiff never sought additional time from the Court to do so.

Plaintiffs' claim of harm is not convincing in this instance. Plaintiff, for her own reasons, made a strategic decision in choosing not to disclose experts for her case-in-chief (or request an extension of time to do so). As Defendants point out, "[h]ad the disclosure been filed a mere day earlier, the Plaintiff would still be in the position that [s]he is now – having chosen not to disclose [her] own expert." (Doc. 72 at 3.) Plaintiff cannot now claim that because she adhered strictly to the CMSO, Defendants should have to do so as well. Moreover, when Plaintiff received Defendants' expert disclosure on July 7, 2023, she still had through July 20, 2023 to prepare a rebuttal expert report, and she still, apparently, chose not to do so. Accordingly, because Defendants' late disclosure was harmless, Plaintiffs' Motion is due to be denied.

### B. Defendants' Motion and Plaintiff's Alternative Motion to Extend Expert Witness Disclosure Deadline to Permit Plaintiff an Extension to Disclose Expert Witnesses and Rebuttal Witnesses

The CMSO can be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "When a deadline appears in a scheduling order and a motion is filed after the deadline, 'Rule 16 is the proper guide for determining whether a party's delay may be excused.'" *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018)

(unpublished) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note).

In Defendants' Motion, they request a one-day extension of time to deem their expert disclosures as timely served. (Doc. 72 at 2.) For the reasons previously stated, the Court will accept their disclosures as timely served.

Plaintiff also requests additional time to make initial expert disclosures and rebuttal expert disclosures. (Doc. 70 at 8 (requesting 30 days).) Defendants oppose additional time for Plaintiff to provide initial expert disclosures but do not oppose additional time for Plaintiff to provide rebuttal expert disclosures. (Doc. 72.) However, the Court does not find good cause to justify the requested extension. Despite Plaintiff's attempts to equate her delay with Defendants' delay, the two situations are vastly different. Plaintiff fails to address what steps she took after Defendants served the July 7, 2023, expert disclosures to secure rebuttal experts and why she would be more successful with additional time. Instead, Plaintiff waited nearly two weeks—until July 20, 2023—to file her Motion to Strike, with additional time to disclose her own experts as alternative relief.

Moreover, Plaintiff fails to address the impact of an extension on the upcoming discovery deadline, dispositive motions deadline, and trial. Discovery closes in this matter on August 4, 2023, two days from the date of this Order, leaving no time to depose any newly disclosed experts, whether they were for rebuttal purposes or not.

Accordingly, the Court will not extend the deadlines as requested in Plaintiff's Motion.

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. Plaintiff's Motion to Strike Defendant's Expert Witnesses, or in the Alternative, Motion to Extend Expert Witness Disclosure Deadline to Permit Plaintiff an Extension to Disclose Expert Witnesses and Rebuttal Witnesses (Doc. 70) is **DENIED**.

2. Defendants' Motion to Extend Expert Disclosure Deadline (Doc. 72) is **GRANTED**. The Court will accept Defendants' expert disclosures as timely served.

**DONE** and **ORDERED** in Orlando, Florida on August 2, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE