UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-01085-CEM-EJK

MICHELIN D. MCKEE, as Personal
Representative of the Estate of
SALAYTHIS MELVIN the Deceased,
    Plaintiff,

Vs.

DEPUTY JAMES MONTIEL, et al.
    Defendants.
_____/

### PLAINTIFF'S MOTION TO CONTINUE AND REQUEST FOR EXTENSION OF CASE MANAGEMENT DEADLINES AND INCORPORATED MEMORANDUM OF LAW

COME NOW the Plaintiff, MICHELIN D. MCKEE, as Personal Representative of the Estate of SALAYTHIS MELVIN the Deceased by and through her undersigned counsel, pursuant to *Federal Rule of Civil Procedure 16(b)(4)* and *Local Rule 3.08*, and respectfully requests that the Court grant a 90-day continuance for the trial; all discovery case management deadlines; and Dipositive Motion and Daubert Deadline and states as follows:

### PROCEDURAL BACKGROUND

1. This case was filed in federal court by the Plaintiff on June 30, 2021, (Doc. 1).

2. Defendant, James Montiel filed his Answer on August 9, 2021 (Doc.

5

24)

3. On August 12, 2021 the Court granted Defendant, James Montiel Motion to Stay. (Doc. 29)

4. On November 22, 2021 the Court granted an unopposed Motion to continue the Stay. (Doc. 36)

5. On February 10, 2022 the Court entered an order lifting the Stay. (Doc.44)

6. On February 24, 2022 the Plaintiff filed an Amended Complaint. (Doc. 46)

7. On March 4, 2022 Defendant, James Montiel filed his answer to Plaintiffs Amended Complaint as to Counts I,II, and XVII. (Doc. 49)

8. On March 4, 2022 Defendant, James Montiel filed a Motion to Dismiss as to Count X of Plaintiffs Amended Complaint. (Doc. 50)

9. On March 10, 2022 Defendant Mina filed a Motion to Dismiss Plaintiffs Amended Compplaint. (Doc. 51)

10. On March 10, 2022 Defendants, Robert Fisher, Eddie Garcia, Cory Heller, Joshua Moore, Eric Wheeler filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 52)

11. On March 16, 2022 and March 24, 2022 Plaintiff filed responses to the Defendants' Motions to Dismiss. (Doc. 54 and 55)

12. On March 28, 2022 the Court entered a Case Management and Initial Scheduling Order. (Doc. 56.)

5

13. On July 7, 2022 the lead counsel for the Plaintiff at the time, Mr. Bradley Laurent filed a Motion to Withdraw as Plaintiff's Counsel as a result of a pending bar investigation and at that time, the undersigned became lead counsel on this case.(Doc.59)

14. On July 14, 2022 the bar investigation ultimately lead to the suspension of Mr. Laurent's bar license and at that time the undersigned inherited twenty-three cases in litigation that were Mr. Laurent's cases.

15. The undersigned has had to maintain his criminal cases, appellate cases, and supervise the civil pre-suit cases that he also inherited. In addition, counsel had to view CLE's and become familiar with the trust account process and the financial/business aspect of the firm as well as the administrative operations of the firm that were previously the responsibility of Mr. Laurent.

16. Since taking over this case the undersigned has litigated nine appeals in both State and Federal Court in addition to the civil caseload he has inherited.[1]

17. In the month of May 2023 alone, the month leading up to the

---

[1] *Ronald Donavan v. Brian Hassenplug*, 2D2022-4081; *Water & Mold Insurance Restoration, Inc. v. Francine Cadet and Frances Cadet*, 4D2022-2305; *Brandon Wesley Blake v. Seminole County Florida, et,al.,* 5D2023-1037; *Michael Montanez, Jr. v. State of Florida,* 5D2022-391; *Anthony Dewayune Dawson v. State of Florida,* 5D2022-2649; *State of Florida v. Derick Leon Mathis, Jr.*, 5D2022-1893; *Anthony Colon v. Wendell Smith, et al*, 22-14106; *Sherika Franklin v. Jason Popovich*, 22-13326; and *Carlus Haynes v. City of Orlando, et al*, 22-12516.

disclosure of the Plaintiff's experts, the undersigned was in a 6-day trial in Volusia County Florida, *State of Florida v. Noble Geathers*, 2021-301050CFDB.

18. Also in that month the undersigned was also traveling back and fourth to Polk County, Florida for depositions and hearings in [2]*State of Florida v. Ronald Donavan,* 2021 CF 007635-A000-XX (a 1st degree attempted murder and manslaughter with a firearm case) while preparing for the trial that was initial set for a trial certain to begin on June 20, 2023 prior to the State filing an interlocutory appeal.

19. The undersigned in the month of May 2023 attended three mediations; conducted eight depositions; appeared at nineteen hearings in Polk, Volusia, Orange, Duval and St. Johns County; represented a client in a six day felony trial; drafted an appellate brief; drafted a Response to a Summary Judgment; and also attended and conducted depositions and discovery in this case as well. This is not to mention addressing the day-to-day operation of the firm and having to rearrange personal accounts due to the unexpected separation from the undersigned's wife that occurred on April 6, 2023.

20. Counsel has only outlined the month of May, but since January 2023, counsel has litigated cases in Miami (federal), Duval county (pending),

---

[2]The added responsibility has not only affected the undersigned's ability to practice law at the level accustomed to, it has also taken a toll on the undersigned's personal life and health.

5

Lake county, Seminole county (pending), and Sarasota County (still pending-capital sexual battery), along with those referenced in paragraph nineteen.

21. Pursuant to the Court's Scheduling Order (Doc.56) the trial term in this case is set to begin in February of 2024, Plaintiff's expert report disclosure report were due on June 6, 2023, Defendants' expert report disclosure were due on July 6, 2023; Rebuttal expert report disclosure were due July 20, 2023; Completion of Discovery is to occur on August 4, 2023, and Dispositive and Daubert motions deadline is September 5, 2023. The Plaintiff is requesting a 90-day extension of Case Management Discovery Deadlines; 90-day extension of the Dipositive Motion and Daubert Deadline and a 90-day continuance of the trial.

22. Counsel initially under estimated how difficult it would be to assume Mr. Laurent's case load. While counsel inherited civil support staff, for the past six months efforts have been made to hire an attorney and a litigation paralegal, to free up time for the undersigned to breathe. However, due to unexpected scheduling changes on the criminal side, counsel missed several interviews and while one new employee was hired during this time, she has resigned to move to Atlanta, Georgia.

23. While every responsibility ultimately rests on the shoulders of the undersigned as the sole practicing attorney, the reliance on competent support staff is critical where there are weeks where the undersigned is in

the office less than ten hours.

24. The "re-calendaring" of deadlines from Mr. Laurent's Calendar to the undersigned's has been a tedious process. In addition, transferring from Mr. Laurent's organization pattern to the undersigned's has been a difficult process as well.

25. Reluctantly, but in the best interest of counsel's client, the request for an extension of the discovery time period is being made. Counsel has made every effort to establish the level of excellence demanded on the criminal side to the civil side, but realized that the standard has not been met, especially in this case.

## MEMORANDUM OF LAW

Pursuant to the *Federal Rules of Civil Procedure 16(b)(4)* a scheduling order can only be modified for good cause and with a judge's consent. A case management and scheduling order may be modified for good cause. *See Indian Harbor Ins. Co. v. Pelican's Roost On the Bay*, LLC, 2007 U.S. Dist. LEXIS 104597 (N.D. Fla. May 18, 2007) *2. and *Weiss v. Standard Insurance Company*, Ins. Co., 2009 U.S. Dist. LEXIS 53951 (S.D. Fla. June 25, 2009) *4 (Full discovery is favored whenever possible under the Federal Rules of Civil Procedure.) Good cause exists to extend discovery and dispositive motions deadlines and continue the trial in this matter.

To show good cause, a party must establish that, despite his diligence, the deadline could not be met. *Sosa v. Airport System, Inc.,* 133 F.3d 1417, 1419

5

(11th Cir.1998). The undersigned has made tremendous efforts to comply with this Court's Case Management Order while maintaining the case load he has inherited as a result of his former partner's suspension. When the Case Management meeting took place between the attorneys for the Defendants' and the undersigned's former partner Bradley Laurent, the schedule was created with those attorneys' schedule in mind and not the undersigned's. Many of the undersigned's out of county cases came as result of attempting to keep the firm solvent while the undersigned's former partner defended the allegations with the bar. Counsel did not know that the Bar process would be extended due to a hurricane nor that disbarment would be the recommendation. Without having Mr. Laurent's assistance during the litigation of this case alone, it was difficult to keep up with the scheduling demands.

Nevertheless, the undersigned has made every effort to manage all of the new cases along with the cases he already had on his calendar. Courts have extended case management deadlines in cases where previous attorneys were permitted to withdraw from a case. *See Johnson v. Sea Court Mgmt., LLC,* 2016 U.S. Dist. LEXIS 19670, (M.D. Fla. Feb. 18, 2016) *3; *Velez v. Bank of Am.,* 2019 U.S. Dist. LEXIS 172452 (M.D. Fla. Oct. 4, 2019) *6 n.2 and *Blue Heron Commer. Grp., Inc. v. Webber*, 2019 U.S. Dist. LEXIS 6267 (M.D. Fla. Jan. 14, 2019) *5 (Here, the Court finds good cause to allow Plaintiff's counsel to withdraw and to extend the discovery deadline and remaining CMSO deadlines

5

accordingly)  Courts in the middle district routinely grant extensions to case management deadlines after a parties attorney withdraws from a case.

The Case Management deadlines were not extended after the undersigned partner withdrew from the case.  The undersigned schedule was not factored in during the case management conference and the undersigned has done his best to navigate the schedule of two attorneys.  The Court in *Henderson v. GATX Corp.*, 2012 U.S. Dist. LEXIS 34005 (M.D. Fla. March 14, 2012) granted both parties multiple discovery extensions and even on the eve of the pre-trial granted the Defense an extension to amend its affirmative Defense.  The Court also granted the Plaintiff additional time to answer the affirmative Defense. *See, e.g., Jenkins v. FMA Alliance, Ltd.*, 2013 U.S. Dist. LEXIS 82505 (M.D. Fla. (Jacksonville Div.) June 11, 2013) (endorsed order, Doc.20, extending discovery deadline to permit rescheduling and completion of Plaintiff's deposition); *Rosa v. City of Fort Myers*, 2006 U.S. Dist. LEXIS 118260 (M.D. Fla. (Ft. Myers Div.) Dec. 28, 2006) (extended discovery deadline and entertained second request). *See also DeForest v. Johnny Chisholm Global Events, LLC*, 2010 U.S. Dist. LEXIS 43344 (N.D. Fla. (Pensacola Div.) May 4, 2010) (court granted an enlargement of time to complete discovery and mediation and second order extending discovery and other pretrial deadlines).

Counsel is humbly requesting a 90-day continuance to complete discovery matters.  In hindsight, counsel should have requested the extension

5

months ago, but did not want to delay Plaintiff's day in court where she is still traumatized over her son's untimely death and a trial (if afforded) would bring her the closure she desperately needs. Counsel believed that his support would manage matters while counsel crisscrossed the state for court proceedings in other matters, but this reliance has turned out to be ill-fated.

Based on the reasons explained in the this motion, the undersigned has outlined good cause as to why the discovery deadlines has not been met and despite the undersigned's best efforts to comply with the deadlines Plaintiff's counsel needs additional time conduct discovery. This includes additional time to retain an expert and submit expert interrogatories. Even the Defendants missed the expert deadline (by only 1 day) and were working right up to the end of the discovery deadline to meet the Court's deadlines and the Defendants have two large civil defense firms for representation.

Good cause exists under **Rule 16** for the Court to amend the current Case Management Order as set forth in this motion. Moreover, this request is being made five months prior to the trial date, as favored by **Local Rule 3.08(a)**.

### CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULES 3.01(g) AND 3.09

Undersigned counsel certifies that prior to filing this motion, he conferred with counsel for the Defendants' and that Counsel representing Defendant, Montiel objects to the Motion and Counsel representing Defendants', Deputy Marcus Bullock, Deputy Eric R. Wheeler, Deputy Eddie

5

Garcia, Deputy Robert Fisher, Corporal Eric Wheeler, Deputy Joshua Moore, Deputy Cory Heller, and John W. Mina *opposes the motion at this time but will remain open to reconsidering his position after the motion is filed*. The undersigned counsel further certifies that he has informed Plaintiff, Michelin D. Mckee of this request for a trial continuance and she agrees to continue the trial date.

## CONCLUSION

WHEREFORE, Pursuant to the reasons explained above, the Plaintiff respectfully request that this Honorable Court enter an order extending the Discovery Deadline, Dispositive Motions Deadline and Trial as herein proposed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2023, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to: Brian Moes, Esquire, bmoes@fisherlawfirm.com and G. Ryan Dietrich, Esquire, gdietrich@fisherlawfirm.com, Fisher Rushmer, P.A. 200 E. Robinson St., Suite 800 Orlando, FL 32801 and Bruce R. Bogan Esquire, bbogan@hilyardlawfirm.com, Hilyard, Bogan & Palmer, P.A, PO Box 4973, Orlando, FL 32802-4973

**Haynes Law, P.A.**

/s/ *Carlus Haynes*
**CARLUS HAYNES, ESQ.**
Florida Bar Number: 0935611
8615 Commodity Circle, Unit 6
Orlando, Florida 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078

5

Email: champ@fighting4ulaw.com
Attorney for PLAINTIFF