UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHELIN D. MCKEE,**

      **Plaintiff,**

v.     Case No. 6:21-cv-1085-CEM-EJK

**JAMES MONTIEL, ERIC WHEELER, JOHN W. MINA, EDDIE GARCIA, ROBERT FISHER, WILLIAM RAMBEAU, JOSHUA MOORE, and CORY HELLER,**

      **Defendants.**

# AMENDED
# CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 3.02(c), it is **ORDERED** that counsel and all parties, including *pro se* parties, shall comply with the following deadlines and instructions. **The deadlines herein shall not be extended without Court approval.**

| Action or Event | Deadline |
| --- | --- |
| Plaintiff's expert report disclosure | SEPTEMBER 4, 2023 |
| Defendant's expert report disclosure | OCTOBER 4, 2023 |
| Rebuttal expert report disclosure | OCTOBER 18, 2023 |
| Completion of discovery and motion to compel discovery | NOVEMBER 2, 2023 |
| Dispositive and *Daubert* motions | DECEMBER 4, 2023 |
| Mediation | NOVEMBER 16, 2023 |

| Joint pretrial meeting | MARCH 28, 2024 |
|---|---|
| Filing of the joint final pretrial statement; any other motions, including motion in limine; jointly proposed jury instructions and jointly proposed verdict form | APRIL 8, 2024 |
| Trial Status Conference | APRIL 18, 2024, at 10:00 AM in Courtroom 5B |
| Trial Term | MAY 2024 |

## I. DISCOVERY

The parties shall not file on the docket discovery materials, including copies of written interrogatories, notices of taking depositions, or requests for production or admissions, except as necessary to the presentation and consideration of a motion.

Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline.

The parties may reach their own agreement regarding the designation of materials as "confidential" without a Court order. The Court discourages unnecessary stipulated motions for a protective order. However, filing under seal is not authorized by agreement or stipulation. *See* M.D. Fla. R. 1.11.

## II. EXTENSION OF DEADLINES

The parties may **not** extend the deadlines herein by agreement or stipulation and deadlines are **not** tolled pending the Court's ruling on a motion.

All motions for extension of deadlines must be filed promptly and must state good cause for the extension. A motion for extension of time should not be filed on the day of the deadline.

Motions to extend the dispositive motions deadline or to continue the trial date are generally denied. The Court will grant an exception only when necessary to prevent manifest injustice. Further, extension of the dispositive motion deadline will generally result in a continuance of the trial term to allow the Court sufficient time to resolve the dispositive motion.

Motions for an extension of the other deadlines set forth herein are disfavored. Failure to complete discovery within the time established by this Order does not constitute good cause for an extension of the deadline. The filing of a motion for extension of time does not toll the time for compliance with deadlines.

### III.   EMERGENCY AND TIME-SENSITIVE MOTIONS

Counsel and parties are advised that the designation of "emergency" will cause a judge to abandon other pending matters in order to immediately address the emergency. The Court will sanction any counsel or party who improperly designates a motion as an emergency. It is not an emergency when counsel or parties have delayed compliance until the eve of the deadline.

Promptly after filing an emergency or time-sensitive motion, the filing counsel or *pro se* party shall call the Clerk's office and request that they notify the presiding judge's chambers.

### IV.   MOTIONS FOR SUMMARY JUDGMENT

The briefing schedule for Responses and Replies to motions for summary judgment are governed by Local Rule 3.01.

Both the movant and the party opposing summary judgment shall provide pinpoint citations to the record; general references to exhibits or documents are insufficient.

### V.   MEDIATION

The parties have designated Donna Doyle, 200 E. Robinson St., Suite 700 Orlando, Florida 32801, (407) 649-9495 as the mediator in this case. The parties may jointly stipulate to the substitution of a different mediator without Court approval, but mediation must still take place prior to the deadline.

Once a mediation date is agreed upon, the parties shall file a notice advising the Court of the same.

At least two days prior to the mediation—or longer if requested by the mediator—the parties shall provide to the mediator a written summary of the facts and issues of the case and any other information requested by the mediator. Failure to do so may result in the imposition of sanctions.

The following individuals must attend mediation in person: each attorney designated as lead trial counsel; each party, or a party's surrogate with full authority to settle that is satisfactory to the mediator; and any necessary insurance carrier representative. Only the mediator may declare an impasse or end the mediation. Unexcused absence or departure from mediation, or a failure to participate in good faith, is sanctionable conduct.

Within seven days after mediation, the mediator must file a report, noting the result of mediation and whether all required persons attended. If the mediator fails to do so, the parties shall file such a notice within fourteen days after mediation.

The substance of any mediation is confidential and no party, lawyer, or other participant is bound by, may record, or without the Judge's approval may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation.

## VI.   SETTLEMENT

After agreeing to resolve all or part of a civil action, the parties must immediately file a notice in accordance with Local Rule 3.09(a).

Regardless of the status of settlement negotiations, the parties shall appear for all scheduled hearings and comply with all deadlines absent a Court order or the filing of a proper Notice or Stipulation of Dismissal under Federal Rule of Civil Procedure 41.

If the parties fail to notify the Court of a settlement prior to 11:30 AM on the last business day before the date scheduled for jury selection, the parties will be jointly assessed jury costs.

### VII. PRETRIAL MEETING AND FILINGS

The parties' pretrial meeting may occur in person, by telephone, or by video conference. Conference solely by e-mail or text message is insufficient. All parties are responsible for participating in the pretrial meeting and filing a Joint Final Pretrial Statement, but Plaintiff's counsel, or Plaintiff if proceeding *pro se*, has the primary responsibility to coordinate the meeting and filing.

The parties must fully comply with Local Rule 3.06. Failure to do so may result in the imposition of sanctions, including but not limited to striking of the Final Pretrial Statement or pleadings.

Upon the filing of the Joint Final Pretrial Statement, the pleadings are deemed to have merged into the Joint Final Pretrial Statement, which will control the course of the trial.

Absent good cause, the Court will not admit into evidence any exhibit and will not permit the testimony of any witness that were not presented to opposing counsel or *pro se* parties at the parties' pretrial conference. Also absent good cause, the Court will not permit the use of any demonstrative exhibits that were not presented to opposing counsel or *pro se* parties at least seven days prior to trial.

Photographs of non-documentary evidence and reductions of large documentary exhibits to be substituted for original exhibits after conclusion of the trial must be presented to opposing counsel for examination at the parties' pretrial conference. Objections to such substitution exhibits must be listed in the Joint Final Pretrial Statement.

The parties must attach an exhibit list to the Joint Final Pretrial Statement on the form provided on Judge Mendoza's page on the Middle District of Florida website. The exhibit list must include each specific objection—"all objections reserved" or similar language will not suffice. Absent good cause, objections not made with specificity are waived.

For jury trials, the parties must submit a **single set of jointly-proposed jury instructions and a jointly-proposed verdict form**. Within the jointly-proposed filings, the parties may submit contested or alternate instructions. Any such instructions must identify the requesting party and provide citation to any applicable legal authority along with a summary of the opposing party's objection beneath the instructions. The parties must also e-mail a copy of the proposed jury instructions and verdict form in Microsoft Word format to the following e-mail address: chambers_flmd_mendoza@flmd.uscourts.gov.

The parties may attach to the Joint Final Pretrial Statement a single list of jointly-proposed questions for the Court to ask the venire during voir dire. Failure to do so will be construed as a waiver of the parties' ability to submit such questions.

Counsel or *pro se* parties may contact the trial judge's courtroom deputy clerk to discuss any concerns regarding exhibits and equipment to be used during trial. Subject to availability, they may schedule a time to tour the courtroom and test courtroom equipment with the courtroom deputy clerk.

### VIII.  TRIAL STATUS CONFERENCE

At the trial status conference, the Court will set the case for a date-certain trial and will schedule the final pretrial conference. No substantive matters will be heard at this time.

Trials that cannot be set for trial during the scheduled trial term will be carried over to the following month on a trailing trial calendar, and issued subpoenas will continue in force. Counsel, parties, and witnesses shall be available on twenty-four hours' notice for trial after the beginning of the trial term.

For scheduling purposes, a different District Judge—including a visiting District Judge—may try this case. Additionally, for the same reasons, trial may be set in any division of the Middle District of Florida.

## IX   FINAL PRETRIAL CONFERENCE

All parties and counsel must be prepared and authorized to accomplish the purposes set forth in Federal Rule of Civil Procedure 16(c). The Court will typically rule on any pending motions in limine at the Final Pretrial Conference and will address any other matters to facilitate the just and speedy disposition of the case.

The parties must prepare for submission and consideration at the final pretrial conference a marked copy of any objected-to deposition designations.

## X.   TRIAL

Trial will start promptly at 8:30 AM on each day unless expressly directed by the Court otherwise.

On the first day of trial, the parties shall provide to the Court and the Courtroom Deputy Clerk a bench notebook containing marked copies of all exhibits.

The Court will conduct voir dire. Counsel and parties will not be permitted to ask questions directly to the venire.

## XI.   CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE

Given this Court's heavy caseload, proceeding before a Magistrate Judge can offer the parties a more expeditious resolution of their case and allow them to proceed to trial on a date certain without the possibility of being continued due to criminal proceedings, which take precedence over civil cases. The parties can consent to proceed before a Magistrate Judge for all proceedings or for a specified

motion at any time prior to the start of trial. Consent must be unanimous, but no party will face an adverse consequence for withholding consent. Consent forms can be found on Judge Mendoza's page on the Middle District of Florida website.

**DONE** and **ORDERED** in Orlando, Florida on August 8, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record