UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHELIN D. MCKEE,**

      **Plaintiff,**

v.                                                Case No: 6:21-cv-1085-CEM-EJK

**JAMES MONTIEL and JOHN W. MINA,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Amended Motion for Leave to File Response to Defendant Mina's Motion for Protective Order and Motion for Reconsideration of Protective Order (the "Motion for Reconsideration") (Doc. 88), filed October 18, 2023. Defendant Mina responded in opposition on October 31, 2023. (Doc. 92.) Upon consideration, the Motion for Reconsideration is due to be denied.

Plaintiff, Michelin McKee, as personal representative of Salaythis Melvin's estate, initiated this action on June 30, 2021. (Doc. 1.) Plaintiff's operative Amended Complaint seeks redress against one Orange County Sheriff Deputy[1] and Orange County Sherriff John W. Mina, for the shooting death of Mr. Melvin. (Doc. 46.) On October 2, 2023, Defendant Mena filed a time sensitive motion for a protective order and stay of Defendant Mina's deposition (the "Motion"). (Doc. 80.) The undersigned

---

[1] On November 2 2023, Plaintiff and Defendants Eddie Garcia, Robert Fisher, Eric Wheeler, William Rambeau, Joshua Moore, and Cory Heller stipulated to the dismissal of the individual claims against these Defendants with prejudice. (Doc. 94.)

denied the Motion without prejudice because it failed to comply with the Order on Discovery Motions (Doc. 6). (Doc. 81.) The following day, Defendant Mina renewed the motion for protective order (the "Renewed Motion"). (Doc. 82.) The undersigned then took the Renewed Motion under advisement and stayed the deposition pending resolution of the Renewed Motion. (Doc. 83.) The Court also set the Renewed Motion for a hearing on October 17, 2023. (Doc. 84.) On October 11, 2023, the undersigned granted the Renewed Motion as unopposed, because Plaintiff had not filed a timely response in opposition to it.[2] (Doc. 85.) Plaintiff now asks the Court to reconsider that order and allow her to respond to the Renewed Motion, which Defendant Mina opposes. (Docs. 88, 92.)

Reconsideration of a court order is an extraordinary remedy and power that should be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Hope v. Sec'y, Dep't of Corr.*, No. 6:16-cv-2014-Orl-28GJK, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus. Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). To that end, courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent

---

[2] Pursuant to the Order on Discovery Motions, which the Court specifically referenced in its October 3, 2023 Order (Doc. 81), Plaintiff's response to the Renewed Motion was due October 9, 2023. (*See* Doc. 6.)

manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Plaintiff spends the bulk of her Motion for Reconsideration attempting to explain her counsel's myriad reasons for missing the deadline to respond to the Renewed Motion. (Doc. 88.) However, the Motion for Reconsideration does not address any of the three available grounds for reconsideration. The Motion for Reconsideration presents no intervening change in controlling law; cites no new evidence; and presents no grounds to find that the Court's order was clearly erroneous or manifestly unjust. Excusable neglect, in itself, is an insufficient reason to reconsider a prior order. Regardless, the undersigned does not find Plaintiff's counsel's neglect to be excusable in light of the Court's direct reference to the Order on Discovery Motions in its order denying Defendant's initial motion for a protective order, and in light of the prior extensions of time that the Court has granted in this case as an accommodation to counsel's personal and professional problems.

The Motion for Reconsideration does make a fleeting argument that Plaintiff will be prejudiced if she not allowed to depose Defendant Mina prior to trial. (Doc. 88 at 10.) However, there is no requirement that a witness be deposed prior to trial, so the Court's order, in itself, does not foreclose Plaintiff from calling Defendant Mina at trial.[3] "For reasons of policy, courts and litigants cannot be repeatedly called upon to

---

[3] Discovery closed on November 2, 2023 (Doc. 78), and has been extended through November 30, 2023, only to complete the deposition of Steve Rundell (Doc. 91). Dispositive motions are due on December 4, 2023. (Doc. 78.)

backtrack through the paths of litigation . . . ." *Sussman*, 153 F.R.D. at 694. For these reasons, the Court finds no basis to reconsider its prior Order.

Accordingly, it is **ORDERED** that Plaintiff's Amended Motion for Leave to File Response to Defendant Mina's Motion for Protective Order and Motion for Reconsideration of Protective Order (Doc. 88) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 14, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE