UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-01085-CEM-EJK

MICHELIN D. MCKEE, as Personal
Representative of the Estate of
SALAYTHIS MELVIN the Deceased,
    Plaintiff,

Vs.

DEPUTY JAMES MONTIEL, et al.
    Defendants.
_____/

**PLAINTIFF, MICHELIN D. MCKEE's, as Personal Representative of the Estate of SALAYTHIS MELVIN the Deceased, OBJECTIONS TO MAGISTRATE'S (Doc.97) ORDER and RECOMMENDATION denying (Doc.88) PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT, MINA'S MOTION FOR PROTECTIVE ORDER AND MOTION FOR RECONSIDERATION OF PROTECTIVE ORDER**

    **COMES NOW,** the Plaintiff, MICHELIN D. MCKEE, as Personal Representative of the Estate of SALAYTHIS MELVIN the Deceased (the "Plaintiff"), by and through her undersigned counsel and pursuant to Federal Rule of Civil Procedure Rule 72(a) and 28 U.S.C. § 636(b)(1) files this Objection to the Order and Recommendation (Doc. 97) of the Honorable Magistrate Judge on the Plaintiff's Amended Motion for Leave to File Response to Defendant, Mina's Motion For Protective Order and Motion For Reconsideration of Protective Order

1

(Doc. 88) entered on November 14, 2023. In support hereof, the Plaintiff would state, allege, assert and argue as follows:

PROCEDURAL POSTURE AND FACTS RELEVANT TO THE OBJECTION

1. The case was initiated on June 30, 2021, when prior lead counsel filed a complaint in the Middle District Court. Upon the initiation of the case on July 9, 2021, the Court generated an Order on Discovery Motions (Doc.6) which contained detailed instructions regarding response time for time sensitive discovery motions.

2. At that time, the Undersigned was not involved with the maintenance of the case, where generally lead counsel and the litigation paralegal would address the procedural aspects of the case until the summary judgment stage.

3. The normal process is for there to be a review of all preliminary and standing orders as well as a review of respective judges' websites in order to create a "reference sheet" regarding filing deadlines, font and page requirements, etc. The reference sheet in the above case was never done, nor was the Order on Discovery Motions (Doc.6) printed and placed in the file.

4. On July 7, 2022, counsel became not only lead counsel for the above caption case, but also on 20 other civil litigation cases. Counsel had not been able to perform review of every civil file in order to ascertain what actions were not taken prior to

becoming lead counsel and what actions still needed to be taken.[1]

5.      On October 2, 2023, the Defendant Mena filed a motion titled Time Sensitive-Defendant Mina's Motion for a Protective Order and Temporary Stay of Sheriff Mina's Deposition. (Doc. 80) The Honorable Magistrate Judge entered an order denying the motion without prejudice. (Doc.81) Although the Defendant did not strictly comply with the Magistrates 500 word limit pursuant to the Discovery Motion Standing Order (Doc. 6), the Court chose not to deny the request with prejudice and gave Defendant a chance to comply and to have the matter heard on the merits.

6.      Defendant, Mina then on October 3, 2023, filed an Amended Motion complying with the requisites of the 500 word limit pursuant to the Discovery Motion Standing Order (Doc.6). The Magistrate Judge entered an order on October 11, 2023, setting the matter for a hearing scheduled for October 17, 2023.

7.      Counsel inquired of the litigation paralegal and the previous lead about the time to respond to the Defendant's Time Sensitive-Defendant Mina's Motion for a Protective Order. Counsel was told it was due the same day as the scheduled hearing. Because this did not make sense, counsel asked that the docket and this court's website be checked for further guidance.

---

[1] Counsel is now lead attorney over the pre-suit civil cases and is still trying to address his criminal practice. In sixteen months, counsel has only been retained on nine new cases so he can focus on getting caught up on the pending cases.

8. Counsel referred to the order that granted the stay to see if a response deadline was provided there but determined that it did not. Because counsel had to prepare for the below case, he relied upon advice of his legal support staff members that the filing time was fourteen days. Feeling uneasy, counsel calendared the response to be filed on Wednesday, October 11, 2023, so the Court would have time to review it before the hearing.

9. Counsel did not have time to check the docket and orders thereon in that the Undersigned was originally set for a "time certain" trial in *State v. Barnes*, 2021 CF 006306 NC in Sarasota County on Monday October 9, 2023, which is a capital sexual battery case. Counsel, while meeting other court appearance requirements the week of October 2 – October 6, was preparing the case for trial, making trial exhibits, and preparing responses to several late filed motions by the State.

10. The State filed a second amended information adding two new counts and a new alleged offense date on Sunday, October 8, 2023, the day before trial. Counsel's day began at 3a.m. to draft and file a motion to dismiss prior to making the 2.5 hour drive to Sarasota, Florida.

11. Due to counsel's invoking his client's rights pursuant to **Fla. R. Crim. P. 3.140** (24 hours notice prior to arraignment) and **3.160** (reasonable time to prepare for trial after arraignment), the trial was continued but instead of issuing a summons on the new charges, the trial court remanded Mr. Barnes to custody and set a trial

4

date in January. The trial judge refused to hear any argument regarding bond, where she was addressing the trial docket and instructed counsel to address it at first appearance.

12. Counsel upon arriving back to Orlando (taking over three hours due to traffic), drafted a detailed eleven-page Motion for ROR and drove back to Sarasota on Tuesday, October 10, 2023, for Mr. Barnes' initial appearance. Counsel successfully secured a ROR pretrial services bond on the new charges and Mr. Barnes was released.

13. While counsel was at criminal pretrial conference before the Honorable Judge Zambrano, on Wednesday, October 11, 2023, and was actually completing the Plaintiff's Response in Opposition to Defendant, Mina's Motion for a Protective Order and Temporary Stay of Sheriff Mina's Deposition, this Court entered an order granting the requested protective order, treating Defendant Mina's Motion for Protective Order as unopposed where there had been no response filed within five days, as per the Order on Discovery Motions (Doc.6) entered on July 9, 2021.

14. Although the language indicated it was treating the matter as unopposed, it was essentially granting relief as a "default" for failure to timely file a response, where the Defendant's Mina's Motion for a Protective Order and Temporary Stay of Sheriff Mina's Deposition indicated that Plaintiff opposed the motion.

15. Counsel is aware that this is the second deadline missed and accepts full

responsibility. The demands of managing both the criminal and civil cases leave little time for preparation and NO MARGIN for error.

16. Counsel was reluctant to even file the motion where ultimately the burden of getting the firm in a position to move past the disbarment of former lead counsel falls squarely on the Undersigned's shoulders. However, but for counsel's congested calendar and conflicts, the five-day time to respond would have been discovered, notwithstanding the mis-advice and mis-calendaring by his litigation support team.

17. Counsel would only aver that this Court, consistent with the public policy of the State of Florida, and within this Circuit, should grant leave to respond outside of time, and enter an order regarding the appropriateness or lack thereof of a protective order, on the merits and not by default.

18. On October 13, 2023 Plaintiff filed a Motion for Leave to File a Response to Defendant Mina's Motion for Protective Order and Motion for Reconsideration of Protective Order. (Doc. 87)

19. On October 18, 2023, Plaintiff filed an Amended Motion for Leave to File Response to Defendant, Mina's Motion for Protective Order and Motion for Reconsideration of Protective Order (Doc. 88)

20. On October 18, 2023, the Magistrate Judge denied as moot Plaintiff's Motion for Leave to File a Response to Defendant Mina's Motion for Protective Order and

6

Motion for Reconsideration of Protective Order. (Doc. 87)

21. Then on November 14, 2023, the Magistrate Judge denied Plaintiff's Amended Motion for Leave to File Response to Defendant Mina's Motion for Protective Order and Motion for Reconsideration of Protective Order.(Doc. 97)

ARGUMENT AND MEMORANDUM OF LAW

As a preliminary matter, in the Eleventh Circuit, a district judge may accept, reject or modify the Magistrate Judge's Report and Recommendation after conducting a careful and complete review of the findings and recommendations. *See 28 U.S.C. § 636(b)(1). See also Williams v. Wainright,* 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specify those findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1). Accordingly, this requires the district judge to "give fresh consideration to those issues to which the specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.,* 896, F. 2d 507, 512 (11th Cir. 1990).

I. Standard of Review

**Federal Rule of Civil Procedure 72(a)** allows a party to serve and file objections to a magistrate judge's ruling within 14 days after being served with a copy of the magistrate's order. On review, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. **Id**. **See also 28 U.S.C. § 636(b)(1)(A)** and *In re: Seroquel Products*

*Liability Litigation,* 601 F. Supp. 2d 1313, 1317-18 (M.D. Fla. (Orl. Div.) 2009) (magistrate judge's order excluding evidence is reviewed by the district judge under Rule 72(a)'s clearly erroneous standard).

The clearly erroneous standard is met when although there is evidence to support the magistrate's ruling, the District Court after reviewing the record evidence is left with the definite and firm conviction that a mistake has been made. *Linea Navira De Cabotaje, C.A. v. Mar Caribe De Navegacion, C.A.,* 169 F.Supp. 2d 1341 (M.D. Fla. (Jax. Div.) 2001).

II.   <u>Denial Was Clearly Erroneous</u>

Counsel asserts that good cause exists where matters in his criminal capital sexual battery case arose during the same time that the response in the above captioned case was due.  Moreover, counsel asserts that excusable neglect exists where the response date was mis-calendared due to support staff error, and the Undersigned's having no time to verify the time to file a timely response. *See Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1202 (11th Cir. 1999) (finding excusable neglect based on attorney's secretary failure to calendar the "applicable deadline") and *It's A Ten, Inc. v. O'Rourke Holdings, LLC*, No. 12-62138-CIV, 2013 U.S. Dist. LEXIS 111958, 2013 WL 4029062 (S.D. Fla. Aug. 8, 2013) (finding excusable neglect where an "avoidable but not unreasonable" calendaring issue was to blame and permitting twelve additional days to file the

untimely motion when the motion for extension of time to file was filed two days after the original filing deadline passed).

By failing to permit Plaintiff to file a response outside of time, the Magistrate's order essentially granted relief based on default. It is well-settled in the Eleventh Circuit that defaults are viewed "with disfavor due to [the] 'strong policy of determining cases on their merits.'" *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). *See also Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1510-11 (11th Cir.1984). The Motion filed by Defendant Mina titled "Time Sensitive - Defendant Mina's Motion for A Protective Order and Temporary Stay of Sheriff Mina's Deposition" (Doc. 82) indicated that the motion was opposed by Plaintiff, so to grant relief and treat the motion as unopposed, amounted to default without addressing the merits of motion and is contrary to well-established law.

The "untimely response" demonstrated what would be a meritorious defense to the Defendant's Defendant Mina's Motion for A Protective Order and Temporary Stay of Sheriff Mina's Deposition" (Doc. 82). First, Defendant Mina's deposition could be conducted as a matter of right. A party has the right to compel any person to appear at a deposition. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002). *See also Apple Inc. v. Samsung Electronics Company*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). Moreover, where count IX of the complaint was not dismissed,

9

his testimony is relevant to the policy claim. *Akridge v. Alfa Mut. Ins. Co.,* 1 F.4th 1271, 1278 (11th Cir. 2021) ("The factors that would make deposing Forrest 'burdensome'—according to Alfa—are the very same ones that make his testimony relevant and important to Akridge's case. Forrest was in a position of authority, the decision maker…"). As indicated in the response that the Magistrate rejected, counsel sought additional word extension to fully brief the merits of setting Defendant Mina for deposition.

Where the merits of the Defendant's Defendant Mina's Motion for A Protective Order and Temporary Stay of Sheriff Mina's Deposition" (Doc. 82) was never reach, but relief granted based on default, the Magistrate's order is clearly erroneous where it is no supported by the law in this Circuit, this District, and this State. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014) (Attorneys who practice in federal court are responsible for knowing the rules governing the practice. But a party's claims should not be subjected to default under a standard higher than that applicable to default. And we have long expressed our "strong policy of determining cases on their merits" when reasonably possible); *Brake v. All Fla. Safety Inst., LLC*, No. 3:21-cv-339-BJD-JBT, 2021 U.S. Dist. LEXIS 130271, at *1 (M.D. Fla. June 30, 2021) (setting aside Clerk's default even though the defendant did not provide an adequate explanation for default to be entered because it promptly moved to set aside the default, presented a meritorious defense, and there was no

10

prejudice to the plaintiff); and *North Shore Hospital, Inc. v. Barber*, 143 So. 2d 849, 853 (Fla. 1962) ("if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case.")

    III.    <u>Plaintiff Presented Good Cause to Magistrate Judge as to Why Seeking Leave to File a Response to Defendant, Mina's Motion for Protective Order and Motion for Reconsideration of Protective Order</u>

Under **Federal Rule Civil Procedure Rule 6(n)(1)(B)**, a district court, for good cause, may extend the time for responding to a motion where the party made a motion for an extension of time after the deadline for responding has passed "if the party failed to act because of excusable neglect." Counsel acknowledges that on appeal the Eleventh Circuit will generally not disturb the trial court's denial of motions not timely filed, however where "good cause" exists, the district court, in its' discretion should grant leave to file a motion outside of time. *See, e.g., Payne v. Ryder Sys., Inc.*, 173 F.R.D. 537 (M.D. Fla. 1997) (holding the Eleventh Circuit has consistently held that absent a showing of good cause, "motions filed after a deadline imposed by a court should be denied as untimely")

Good cause exists to grant leave to file outside of time in order to address the merits of the matter and not award relief on a mere technicality. *See $39,480.00 in U.S. Currency*, 190 F. Supp.2d 929, 933 (W.D. Tex. March 6, 2002) (Court found a "strong preference for resolving disputes on the merits when possible, instead of

determining the outcome solely on technical or procedural grounds," a minimal delay in filing the complaint, the lack of prejudice to the nonmoving party, and the potential of severe prejudice to the moving party, warranted an extension of the filing deadline).

> With regards to assessing good cause, the Florida Supreme Court stated:
>
> [w]e defined good cause in [*In re Estate of*] *Goldman* [79 So. 2d 846 (Fla. 1955)], finding that it is "a substantial reason, one that affords a legal excuse, or a cause moving the court to its conclusion, not arbitrary or contrary to all the evidence, and not mere ignorance of law, hardship on petitioner, and reliance on [another's] advice." . . .
>
> The determination of good cause is based on the peculiar facts and circumstances of each case. Obviously the trial court is in the best position to weigh the equities involved, and his exercise of discretion will be overruled only upon a showing of abuse.

*Dohnal v. Syndicated Offices Systems*, 529 So. 2d 267, 269 (Fla. 1988), quotation and *citation* omitted.

Excusable neglect is somewhat of a fluid and imprecise concept. *Pioneer Investment v. Brunswick*, 507 U.S. 380, 392, 113 S. Ct. 1489 (1993) ("[I]t is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.") In addition to the precedent cited above, courts have generally exercised discretion and permitted untimely filings due to calendaring mistakes. *Kirkland v. Guardian Life Insurance Company of America*, 352 F. App'x 293, 297 (11th Cir.

2009) (finding that district court did not abuse its discretion in allowing answer to complaint to be filed one day after the filing deadline due to attorney's calendaring error) and *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (Applying the *Pioneer* factors, the court held that under **Rule 60(b)**, an attorney's negligent failure to comply with a filing deadline was excusable neglect caused by a lack of communication between an associate attorney and the lead attorney responsible for the filing).

Consistent with *Pioneer Investment v. Brunswick*, our Circuit has opined when determining if a party has demonstrated excusable neglect, the Court should consider "'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Advanced Estimating System, Inc. v. Riney,* 130 F.3d. 996, 997-98 (11th Cir. 1997).

Where there was time remaining in the (extended) discovery period, Plaintiff could have filed a response and the matter could have been set for a hearing and the deposition conducted prior to the expiration of the discovery period. There would have been little prejudice to the Defendant (other than he may not prevail on the motion for protective order), the delay would have been essentially five days, and Plaintiff's counsel was acting in good-faith and with due diligence in making the

request. As explained above, the forces that cause the failure to file a response were out of the Undersigned's control where the obligations in the criminal case prevented counsel from verifying the response time and caused counsel to rely upon the calendaring error and mis-advice of his litigation support staff.

On the other hand, the prejudice to Plaintiff will be immense. If the requested leave is not granted, relief would be granted on a default basis, which is contrary to the policy recognized by our Circuit. *Valdez v. Feltman (In re Worldwide Web Systems, Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003) (recognizing "a strong policy of determining cases on the merits and…therefore view[ing] defaults with disfavor.") *See also Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)

WHEREFORE, the Plaintiff respectfully request this Honorable Court enter an order vacating the Magistrate Judge's order and grant leave for Plaintiff's counsel to file the Plaintiff's Response in Opposition to Defendant, Mina's Motion for a Protective Order and Temporary Stay of Sheriff Mina's Deposition outside of time and requests the Court decided the issue on the mertis. *See, e.g., United States v. Weiss*, 2010 U.S. Dist. LEXIS 19387 (M.D. Fla. 2010) * 18 ("Having considered each of the four *Pioneer* factors, the Court finds that there is excusable neglect for the untimely filing of the Petition. Accordingly, the Petition is deemed lawfully filed, and an evidentiary hearing should be held on the merits of the Petition.").

**CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULES 3.01(g)**

Undersigned counsel will amend the objecton to reflect opposing counsels position. Due to the objection being filed after business hours the undersigned did not have an opportunity to confer with opposing counsel prior to the filing of the objection.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2023, I electronically filed the foregoing Objections to Magistrate Order with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to: Brian Moes, Esquire, bmoes@fisherlawfirm.com and G. Ryan Dietrich, Esquire, gdietrich@fisherlawfirm.com, Fisher Rushmer, P.A. 200 E. Robinson St., Suite 800 Orlando, FL 32801 and Bruce R. Bogan Esquire, bbogan@hilyardlawfirm.com, Hilyard, Bogan & Palmer, P.A, PO Box 4973, Orlando, FL 32802-4973.

**Haynes Law, P.A.**

*/s/ Carlus Haynes*
**CARLUS HAYNES, ESQ.**
Florida Bar Number: 0935611
8615 Commodity Circle, Unit 6
Orlando, Florida 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
Email: champ@fighting4ulaw.com
Attorney for PLAINTIFF