UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-01085-CEM-EJK

MICHELIN D. MCKEE as Personal
Representative of the Estate of
Salaythis Melvin, the Deceased,

    Plaintiff,
v.

DEPUTY JAMES MONTIEL, in his Individual
Capacity and as an agent of the ORANGE COUNTY
SHERIFF'S OFFICE ET AL.

    Defendants.
_____/

## JOHN W. MINA'S MOTION IN LIMINE

Pursuant to the Court's Amended Case Management and Scheduling Order [Doc. 78], John W. Mina in his official capacity as Sheriff of Orange County Florida ("Sheriff Mina") moves in limine to preclude the following evidence and argument at trial.

## I.    LEGAL STANDARD

Trial judges are authorized to rule on motions in limine pursuant to the authority to manage trials. *Luce v. U.S.*, 469 U.S. 38, 41 n. 4 (1984). Limine rulings are provisional rulings and the trial judge may reverse the decision during the course

1

of a trial. *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000). The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Stewart v. Hooters of America, Inc.*, No. 8:04-cv-40, 2007 WL 1752873 *1 (M.D. Fla. June 18, 2007).

## II.   INDIVIDUAL ITEMS TO BE EXCLUDED

### 1.   *Argument and Evidence Regarding the Decision-making about When and Where to Arrest Mr. Sands*

Evidence about the decision-making regarding when and where to arrest Mr. Sands is not relevant to any of the claims and would be prejudicial to the defendants. The Amended Complaint alleges that on the day of the shooting Mr. Sands, the subject of an arrest warrant, was being surveilled "all morning" and that Orange County Sheriff's Office ("OCSO") deputies "had several opportunities to apprehend Mr. Sands safely and without the endangering the lives of others such as Salaythis Melvin but chose not to do so." [Doc. 46 ¶ 20]. The Amended Complaint further alleges that OCSO deputies, as part of a conspiracy to violate Mr. Melvin's constitutional rights, "intentionally waited until Mr. Sands had other individuals with him which included Mr. Melvin[,]" to arrest Mr. Sands. [Doc. 46 ¶¶ 21-22].

Plaintiff pled § 1983 conspiracy claims against Defendant Deputy Montiel and several other deputies that centered on the timing and reason for arresting Mr.

2

Sands. [Doc. 46, pp. 39-48]. All the conspiracy claims have been dismissed, [Doc. 61, pp. 3-5], and all of the individual deputies, other than Deputy Montiel, have been voluntarily dismissed from the case [Doc. 96]).

Further, the *Monell* claim against Sheriff Mina solely concerns the sufficiency of the OCSO's training on the use of deadly force. [Doc. 61, p. 9 n. 3 ("Plaintiff's failure to train claim, as clarified in her Response, is based on a failure to train on the proper use of force …. Plaintiff will be limited to this theory of her claim proceeding forward in this litigation.")].

Moreover, evidence regarding the timing and reason for arresting Mr. Sands are not relevant to the remaining claims (**Count I**: excessive force against Deputy Montiel; **Count II**: failure to render aid against Deputy Montiel; **Count XVII**: Battery (Florida law) against Deputy Montiel).

The only reason for Plaintiff to elicit testimony about the decision-making regarding when and where to arrest Mr. Sands is to criticize the judgment of Deputy Montiel and to insinuate that the whole incident could have been avoided if only he had exercised better judgment. Use of this evidence for this purpose is not only irrelevant to the use of force event at issue, *See City & County of San Francisco v. Sheehan*, 575 U.S. 600, 615 (2015) (a party "cannot establish a Fourth Amendment violation based merely on bad tactics that resulted in a deadly confrontation that

could have been avoided."), but is also prejudicial to the defendants in that it will confuse the jury as to the issues.

## 2. *Argument and Evidence Regarding the Use of Body Cameras*

Evidence about the use of body cameras before, during, and after the subject shooting and the OCSO's policy on the use of body cameras is irrelevant and prejudicial to the defendants. The Amended Complaint includes numerous allegations critical of the fact that there is limited body camera footage of the shooting. [Doc. 46, ¶¶ 54-56, 153(n), 158-159].[1] Evidence of the use of body cameras is not relevant to the *Monell* claim against Sheriff Mina. [Doc. 61, p. 9 n. 3 ("Plaintiff's failure to train claim, as clarified in her Response, … is not based on a failure to train on the use of body cameras.")]; *see Baldwin v. Colley*, No. 15-cv-02762, 2015 WL 5836923, at *4 (N.D. Ca. Oct. 7, 2015) ("the Court finds that Plaintiffs' [sic] cannot establish, as a matter of law, that the City's non-use of body cameras provides a basis for *Monell* liability."); *Mitchell v. Las Vegas Metropolitan Police Department*, No.: 2:18-cv-00646, 2021 WL 808735, at *2 (D. Nev. Mar 3, 2021) ("It cannot be said that the failure to use body cameras constitutes deliberate indifference to constitutional rights as a matter of law."). Nor is the use of body cameras relevant to the claims against Deputy Montiel for excessive force and

---

[1]The shooting was captured by one of the deputy's body cameras. [Doc. 46 ¶ 55].

4

battery. *See Graham v. Rowe*, No. No. 19-6757, 2019 WL 3059801, at *4 (D.N.J. (July 10, 2019) ("There is no constitutional right to be free from an arrest that is not recorded by a camera ….").

The only reason for Plaintiff to offer evidence about the purported lack of body camera footage of the subject shooting is to insinuate that Deputy Montiel and the other deputies on scene purposefully did not turn their body cameras in an effort to avoid capturing the alleged use of excessive force. However, Plaintiff alleges that Deputy Montiel was not assigned a body camera, [Doc. 46, ¶ 58], and there is no evidence that any of the other deputies on scene had any advance knowledge or reason to suspect that force would be used, much less deadly force. Thus, this evidence is irrelevant, and it would be highly prejudicial to allow Plaintiff to argue, without any evidence, that any of deputies (who are not a party to this case) intentionally did not turn on their body cameras in an effort to conceal evidence of unconstitutional conduct.

### 3. *Argument and Evidence that OCSO Deputies not a Party to this Case Failed to Render Aid to Mr. Melvin*

The Amended Complaint asserts claims against six deputies. [Doc. 46, pp. 21-34]. When Plaintiff was informed that these Deputies were going to serve a Rule 11 motion of sanctions, Plaintiff voluntarily dismissed these deputies from the case. [Doc. 94; Doc. 96]. Accordingly, any evidence regarding any supposed deficiencies

in the aid rendered to these deputies is irrelevant and allowing its admission would confuse the jury about the issues to be resolved.

4. *News Stories and Social Media Posts About OCSO Shootings*

The use of force event in this case received considerable local media attention and consequently there are numerous news stories available online about the incident. News articles are generally not admissible to establish the truth of their contents. *See United States v. Baker*, 432 F.3d 1189, 1211 (11th Cir.2005). Moreover, any news articles about the shooting are not admissible for any non-hearsay purpose and should be excluded. *See Lordeus v. Torres*, 1:17-cv-20726, 2018 WL 1364641, at *5 (S.D. Fla. Mar. 1, 2018) (granting Defendants' motion in limine to exclude news article about subject use of force event on grounds that the article is hearsay).

5. *Evidence of Ryan Finley's Relationship with Mr. Melvin*

According to Plaintiff, Ryan Finley is Plaintiff's fiancé. Plaintiff and Mr. Finley affectionately, albeit incorrectly, referred to Mr. Finley as Mr. Melvin's stepfather when speaking to defendants' counsel prior to Plaintiff's deposition. Mr. Finley is not Mr. Melvin's stepfather and is legally unrelated to Mr. Melvin. Mr. Finley is not the personal representative of Mr. Melvin's estate and not a beneficiary of any recovery that might be obtained from this lawsuit under Florida's Wrongful Death Statute and is not identified in the Amended Complaint as such. It will be inaccurate,

misleading, and confusing if Plaintiff is permitted to refer to Mr. Finley as Mr. Melvin's stepfather and testify about Mr. Finley's personal relationship with Mr. Melvin. Similarly, and for the same reason, Mr. Finley should not be permitted to refer to himself as Mr. Melvin's stepfather or offer testimony about his relationship with Mr. Melvin.

### 6. *Evidence of Prior or Subsequent conduct by Deputy Montiel*

Evidence of Deputy Montiel's prior or subsequent conduct while in the line of duty is not relevant to the issue of whether Deputy Montiel used excessive force in this case and its admission at trial would be highly prejudicial.  Use of this evidence for this purpose is prohibited by Fed. R. Evid. Rule 404(b)(1). *See Luka v. City of Orlando*, 382 F. App'x 840, 842-43 (11th Cir. 2010) (affirming district court's decision to exclude prior complaints of excessive force against the officer-defendant, stating that the plaintiff was attempting to use such evidence to prove that the officer "characteristically engaged in the use of excessive force and acted in conformity with that characteristic."); *Foltz v. City of Largo*, 2011 WL 3919737 at *2 (M.D. Fla. 2011) (granting motion in limine to exclude evidence relating to prior complaints or discipline against police officer in § 1983 action for excessive force).

## Local Rule 3.01(g) Certification

I certify that on April 8, 2024, I discussed the relief sought in this motion via telephone with Plaintiff's counsel who indicated that he is opposed to the relief

sought. Plaintiff's counsel indicated that he would give further consideration to the motion once it is filed and state any opposition, or lack thereof, in a response to the motion.

/s/ Brian F. Moes
Brian F. Moes, Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2024, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to: Carlus L. Haynes, Esquire, of Haynes Law, P.A., 8615 Commodity Circle, Unit 6, Orlando, FL 32819; Coretta Anthony-Smith, Esquire, of Anthoy-Smith Law, P.A., and Bruce R. Bogan Esquire, Hilyard, Bogan & Palmer, P.A, PO Box 4973, Orlando, FL 32802-4973.

/s/ Brian F. Moes
Brian F. Moes, Esquire
Florida Bar No. 39403
G. Ryan Dietrich, Esquire
Florida Bar No. 1007940
**Counsel for Defendant John Mina**
DeBevoise & Poulton, P.A.
1035 S. Semoran Blvd., Suite 1010
Winter Park, FL 32792
Telephone:  407-673-5000
Facsimile:   321-203-4304
Email:
Moes@DeBevoisePoulton.com
Dietrich@DeBevoisePoulton.com
Cook@DeBevoisePoulton.com
Rodriguez@DeBevoisePoulton.com