# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MICHELIN D. MCKEE, as Personal
Representative of the Estate of
SALAYTHIS MELVIN,

      **Plaintiff,**

v.                                                         Case No: 6:21-cv-1085-CEM-EJK

JAMES MONTIEL and JOHN W.
MINA,

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum (the "Motion") (Doc. 135), filed April 10, 2024. The Motion is unopposed.[1]

Plaintiff, Michelin McKee, as personal representative of Salaythis Melvin's estate, initiated this action on June 30, 2021. (Doc. 1.) Plaintiff's operative Amended Complaint seeks redress against one Orange County Sheriff Deputy and Orange County Sheriff John W. Mina, for the shooting death of Mr. Melvin. (Doc. 46.) This

---

[1] While Defendants do not oppose the Motion, Plaintiff's 3.01(g) certificate states that Defendants would like to re-depose the witness prior to trial "to answer the question that he asserted his 5th amendment privilege on, and any related questions that reasonably stem from the answer." (Doc. 135 at 7–8.) This type of relief must be requested by separate motion, particularly because discovery is now closed. But to provide clarity in light of the procedural posture of this case, the undersigned notes that any such request would likely be denied.

matter is currently set for a final pretrial conference on May 2, 2024, and for a jury trial during the May 2024 term. (Docs. 138, 78.) Plaintiff filed a Motion for Writ of Habeas Corpus Ad Testificandum with respect to Christopher J. Bennett, who is currently serving a term of imprisonment at Hardee Correctional Institution, 6901 State Road 62, Bowling Green, Florida 33834. (Doc. 135.) Plaintiff asserts that Mr. Bennett witnessed Mr. Melvin's shooting and "will provide firsthand accounts of what he saw and what actions Mr. Melvin took contemporaneous with and prior to being shot and killed." (*Id.* at 2.) Therefore, Plaintiff requests the issuance of a Writ of Habeas Corpus Ad Testificandum to produce Mr. Bennett at the upcoming trial. (*Id.*) The Motion is unopposed. (*Id.* at 7–8.)

The Court has the discretion to issue a writ of habeas corpus ad testificandum to secure a prisoner's presence at trial. 28 U.S.C. § 2241(c)(5); *see United States v. Sandoval*, 299 F. App'x 863, 864–65 (11th Cir. 2008) (unpublished). The district court has the authority to compel the production of an inmate witness in both federal and state custody, for criminal and civil trials. *ITEL Capital Corp. v. Dennis Mining Supply & Equip., Inc.*, 651 F.2d 405, 406 (5th Cir. 1981)[2] ("[T]he district court has jurisdictional authority to issue a writ of habeas corpus ad testificandum requiring the transportation of prisoners incarcerated outside of their territorial jurisdiction to attend a civil trial before the district court."). After it is shown that the presence of the witness is

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to September 30, 1981.

necessary for the presentation of the party's case, "the district court should consider 'whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.'" *United State v. Wright*, 63 F.3d 1067, 1070 (11th Cir. 1995) (quoting *Ballard v. Spradley,* 557 F.2d 476, 480 (5th Cir. 1977)).

Here, the undersigned determines that, after a review of all four factors, issuance of the writ is appropriate. Plaintiff has asserted that Mr. Bennett was an eyewitness to Mr. Melvin's shooting, and therefore, his testimony will be key in presenting Plaintiff's case. (Doc. 135 at 6.) Moreover, "live testimony will significantly aid the jury in determining his credibility and resolving the disputed issues of material fact." *S.-Owners Ins. Co. v. Warren*, No. 6:16-cv-593-Orl-40DCI, 2017 U.S. Dist. LEXIS 187269, at *4 (M.D. Fla. Apr. 14, 2017) (granting writ). While there is some security risk in the transportation of prisoners, the United States Marshals Service is well equipped to transport a prisoner to the federal courthouse and to ensure the safety of others at the trial. *Id.* Moreover, the expense of the prisoner's transportation can be born by Plaintiff, as the court ordered in *Southern-Owners*. *Id.* Finally, the undersigned sees no benefit to a stay in light of these other factors.

Accordingly, the Court finds that the Motion is due to be granted. The trial term is set for May 2024, but the Court has yet to set a date certain for trial. Thus, the Court cannot issue the Writ of Habeas Corpus Ad Testificandum at this time. The Court will

issue the writ after it has set a date certain for trial. Once the Court sets a date certain for trial, counsel for Plaintiff must contact the Clerk's Office to obtain a proposed writ and file the completed writ on the docket. Plaintiff is warned that the U.S. Marshals Service typically requires approximately four weeks to arrange for the transportation of a prisoner, and the presiding district judge may decide to proceed to trial even if Mr. Bennett is absent. Plaintiff will be required to pay for all transportation costs.

Accordingly, is it **ORDERED** as follows:

1. The Motion (Doc. 135) is **GRANTED**;
2. Plaintiff shall pay for all costs associated with transporting Mr. Bennett for trial; and
3. The Court will issue a Writ of Habeas Corpus *Ad Testificandum* after the Court sets the trial for a date certain and Plaintiff files a proposed writ.

**DONE** and **ORDERED** in Orlando, Florida on April 23, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE