UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHELIN D. MCKEE**, as Personal
Representative of the Estate of
Salaythis Melvin,

    Plaintiff,

v.

Case No.: 6:21-cv-01085-CEM-NWH

**DEPUTY JAMES MONTIEL**,

    Defendants.

_____/

**DEFENDANT, DEPUTY JAMES MONTIEL'S, MOTION TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT PURSUANT TO RULE 67, FEDERAL RULES OF CIVIL PROCEDURE**

Defendant, DEPUTY JAMES MONTIEL, by and through his attorneys, hereby files this Motion to Deposit Funds into the Registry of the Court Pursuant to Rule 67, Federal Rules of Civil Procedure, and in support thereof, states as follows:

**I.     INTRODUCTION**

This is an action brought by the Plaintiff, Michelin D. McKee, as Personal Representative of the Estate of Salaythis Melvin, ("Plaintiff"), against Defendant, Deputy James Montiel ("Defendant").

**II.    PRIOR PROCEEDINGS**

1

1. On June 12, 2025, Judge Carlos E. Mendoza entered an Endorsed Order referring the case to Magistrate Judge Daniel C. Irick for a settlement conference (Doc. 185).

2. The settlement conference was conducted on July 8, 2025, and while a complete settlement was not reached, the parties agreed to further negotiations. Judge Irick directed the parties to file a joint status report by 4:30 p.m. on July 10, 2025 (Doc. 191).

3. On July 10, 2025, the parties filed a Joint Status Report. The Report provided that: (1) The parties have reached the terms for a settlement agreement; and (2) The parties are in the process of finalizing the written settlement agreement. (Doc. 192).

3. On July 15, 2025, Judge Mendoza entered an Order dismissing the case with prejudice subject to the right of any party to move to re-open within sixty (60) days and directing the clerk to close the case (Doc. 194).

4. On July 24, 2025, the parties reached an agreement concerning all issues including legal fees and costs.

5. On July 25, 2025, the Plaintiff executed a Settlement Agreement and General Release ("Settlement Agreement") fully disposing of all matters in the case. The Settlement Agreement provides, in part:

> "…the FLORIDA SHERIFFS RISK MANAGEMENT FUND on behalf of JAMES MONTIEL, in his individual capacity, and as an Agent of the Orange

County Sheriff's Office and JOHN MINA, as Sheriff of Orange County agrees to pay the total sum of Three-Hundred Thousand and 00/100 Dollars to settle and resolve any and all claims for attorney fees and costs taxable or non-taxable, by any attorneys or law firms that have appeared as counsel for the Plaintiff, including Attorney Carlus Haynes, Haynes Law, P.A., **Haynes and Laurent, P.A.**, Attorney Coretta Anthony-Smith, Anthony-Smith Law, P.A." (emphasis added).

6. On July 25, 2025, Bradley Laurent ("Mr. Laurent") sent a letter to counsel for the Defendant. The purpose of the letter was to advise counsel that Mr. Laurent believed that he was entitled to attorney's fees for this matter ("Letter") (A copy of the Letter is attached hereto and marked as "Exhibit A").

7. On July 28, 2025, Mr. Laurent sent counsel for the Defendant an affidavit ("Affidavit") that provided an Invoice for the attorney's fees claimed by Mr. Laurent (A copy of the Affidavit is attached hereto and marked as "Exhibit B"). (The same Affidavit was filed with the Court on August 10. 2025. (See Doc. 202).

8. The Invoice represented that Mr. Laurent allegedly worked on this matter from August 9, 2020 until April 29, 2022. During the time he worked on the case as a licensed attorney, Mr. Laurent claims he accumulated 472.46 hours at $300.00 per hour for a total attorney's fee of $141,885.00.

9. On August 6, 2025 and August 10, 2025, Mr. Laurent, by and through his attorney, Sanga Turnbull, Esq., filed a Charging Lien (Doc. 199 and Doc. 202) claiming the amount of $141,885.00 as attorney's fees due to Mr. Laurent.

### III. DISPUTE AS TO LEGAL FEES BETWEEN MR. HAYNES AND MR. LAURENT

10. After numerous emails and telephone conversations between Defendant's counsel, Mr. Haynes, Mr. Laurent, and Mr. Laurent's former and current counsel, it is clear that a dispute between Mr. Haynes and Mr. Laurent exists as to Mr. Laurent's entitlement or amount of the legal fees in this case as follows:

a) The Settlement Agreement executed by the Plaintiff with the benefit of counsel, requires the Defendant to pay the total sum of Three-Hundred Thousand and 00/100 Dollars to settle and resolve any and all claims for attorney fees and costs taxable or non-taxable, by any attorneys or law firms that have appeared as counsel for the Plaintiff, including Attorney Carlus Haynes, Haynes Law, P.A., Haynes and Laurent, P.A., Attorney Coretta Anthony-Smith, Anthony-Smith Law, P.A.[1]

b) Mr. Laurent has filed a charging lien in the amount of $141,885.00 for attorney's fees as set forth in the Letter and Affidavit. (Doc. 202)

c) Mr. Haynes disputes this lien arguing that Mr. Laurent is not entitled to any attorney's fees and, in fact, owes him money.

---

[1] Anthony-Smith filed an attorney's fee charging lien (Doc 197) that was subsequently resolved (Doc 198).

      d)    The Defendant is ready and willing to pay the attorney's fees and costs as set forth in the Settlement Agreement, but, finds himself in a dispute not of his own making. In order to protect the rights of the Defendant against Mr. Laurent's claims for attorney's fees, the Defendant requests that Mr. Laurent's claim for attorney's fees in the amount of $141,885.00 be deposited into the registry of the Court until such time as the dispute as to the attorney's fees and costs in this case is resolved. All parties have agreed that the the Defendant may proceed to pay the remaining attorney's fee settlement amount of $158,115.00 as provided for in the Settlement Agreement.

    **IV.**    **MEMORANDUM OF LAW**

    **A.**    <u>**The Defendant should be permitted to deposit the attorney's fees and costs claimed by Mr. Laurent into the registry of the Court.**</u>

The Defendant requests that this Court enter an Order permitting the Defendant to deposit the disputed sum of $141,885.00 into the registry of the Court pursuant to Rule 67, Federal Rules of Civil Procedure.

The core purpose of Rule 67 is to "relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Zelaya/Capital Intern. Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1302 (11th Cir. 2014) (citing *Alstom Caribe, Inc. v. Geo. P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir. 2007).

In *Zelaya*, the judgment debtor was ready and willing to pay the judgment, but a dispute existed between two claimants as to the funds. *Zelaya*, 769 F.3d at 1301-02. Zelaya, the judgment debtor, filed a motion under Rule 67 requesting permission to place the funds into the registry of the Court. *Id*. The district court, relying on a factually similar case, *United States Overseas Airlines v. Compania Aerea Viajes Expresos, S.A.*, 161 F.Supp. 513 (S.D.N.Y. 1958), granted the motion, and the claimants appealed. *Id.*

The Eleventh Circuit, also citing *Overseas Airlines*, held that the district court did not abuse its discretion by granting the Rule 67 motion. *Id*. at 1302. In *Overseas Airlines*, as in *Zelaya*, two judgment creditors asserted conflicting claims to the funds. The Court noted that placing the funds into the registry of the Court was an "'insightful and equitable solution to the dilemma facing [Zelaya].'" *Id*.

In the present case, the Defendant finds himself in a similar situation as in *Zelaya* and *Overseas Airlines*. The Defendant is ready and willing to pay the attorney's fees and costs, but finds himself embroiled in a dispute the Defendant did not seek out or create. The dispute between Mr. Haynes and Mr. Laurent over their division of legal fees during their partnership places the Defendant in the position of paying the $300,000.00 as provided in the Settlement Agreement but then exposing himself to a possible claim by Mr. Laurent.

6

Depositing the remaining $141,885.00 into the registry of the Court allows the Defendant to fulfill his obligations under the Settlement Agreement while affording protection from an adverse claim by Mr. Laurent. It is a fair and equitable solution to a problem not of the Defendant's making. *See Kamel v. Prisco*, 2025 U.S. Dist. Lexis 15122 (S.D. N.Y.)

## V.    CONCLUSION

For the reasons set forth above, the Defendant respectfully requests that this Court enter an Order pursuant to Rule 67 of the Federal Rules of Civil Procedure permitting the Defendant to deposit the sum of $141,885.00 into the registry of the Court and for such other and further relief the Court deems just and proper.

### Local Rule 3.01(g) Certification

Counsel for the Defendant represents that he has conferred with counsel for the Plaintiff, Mr. Haynes, and that the Plaintiff opposes this Motion and maintains the Court does not have jurisdiction to consider this matter as the lien is untimely and all funds should be released to the Plaintiff. Furthermore, the Plaintiff believes that it is prejudicial to the Plaintiff to allow any jurisdiction over the lien as it would not allow the Court to consider equitable remedies available to her.

Sanga Turnbull, Esquire, as Counsel for Bradley Laurent advises that he does not oppose the Motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of August, 2025, I electronically served the foregoing to **Carlus Haynes, Esquire,** Haynes Law, P.A., 8615 Commodity Circle, Unit 6, Orlando, Florida 32819 and **Sanga Turnbull, Esquire**, Turnbull Law Firm, 618 South Street, Suite 500, Orlando, Florida 32801.

/s/ Bruce R. Bogan
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile: 407-841-8431
Email: bbogan@hilyardlawfirm.com
Attorney for Defendant