UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELIN D. MCKEE, as Personal
Representative of the Estate of
SALAYTHIS MELVIN the Deceased,

CASE NO: 6:21-CV-1085-CEM-EJK

    Plaintiff,

v.

JAMES MONTIEL, Deputy, in his individual
capacity and as an agent of Orange County
Sheriff's Office, and JOHN W. MINA, in his official
capacity as Orange County Sheriff,

    Defendant[s].
_____/

### PLAINTIFF INTERVENOR SUPPLEMENTAL MEMORANDUM REGARDING THE COURT'S SEPTEMBER 18, 2025 ORDER

    COMES NOW, Intervenor Bradley Laurent, by and through the undersigned counsel and files this Memorandum of Law in response to the Court's September 18, 2025, Order and states as follows:

    1.    This case was closed on July 15, 2025 by Order of the Court. At the time the Order was entered the court specifically reserved jurisdiction for Good Cause. Therefore, the issue for this court is as follows: Does the resolution of the attorney fee lien issue under the Civil Rights Statute considered good cause?

1

2. After the Order in this case was entered the lien was asserted both before the settlement agreement was signed and any monies disbursed. Consequently, although an Order was entered dismissing the case all of the issues were not resolved and the Court left the front door open for issues such as this.

3. Finally, Plaintiff will argue that the Notice was untimely. For the reasons above, the same reason the court has jurisdiction is why the lien was filed timely.

4. Further, even if the Lien was untimely Plaintiff waived this argument. The lien was filed on August 10, 2024. Plaintiff's Response and Motion to Strike was not filed until September 4, 2025. This was well after the 14 days allowed. See Local Rule 3.01(b). Therefore, all the elements for the court to have jurisdiction are present.

## MEMORANDUM OF LAW

### A. LAURENT PROVIDED TIMELY NOTICE OF HIS LIEN WHILE THE COURT HAD JURISDICITION

"All that is required ... is for the attorney to file the notice of lien or otherwise pursue the lien in the original action prior to its termination." Brown v. Vermont Mut. Ins. Co., 614 So.2d 574, 580 (Fla. App. 1993).

In Shepard v. Fla. Power Corp., 2011 U.S. Dist. LEXIS 58159 (M.D. 2011) the court held that Peterson & Myers fulfilled this requirement by filing in this case a Notice of Claim for Charging Lien on October 18, 2010, after the dismissal was

2

filed, but before the plaintiff's execution of the formal settlement agreement and disbursement of settlement funds.

In the instant case, Laurent placed the parties on Notice of the Lien prior to execution of the release and disbursement of the settlement funds. Like in Shepard, the facts giving rise to the need for the lien in this case unexpectedly arose after the Order dismissing the case but while the parties were still working on details including the amount attorney's fees and to who they would be paid. In fact, the terms of the agreement indicated that attorney fees would be left to the court.

Since the Court retained general jurisdiction for any issues given good cause, and attorney's fees had not and is not resolved, not only does good cause exist for the court to continue jurisdiction and resolve this lien matter but it was always anticipated that the court would serve this function on behalf of the parties.

### B. EVEN IF NOTICE WAS NOT TIMELY PLAINTIFF FAILED TO OBJECT AND THEREFORE WAIVED ANY OBJECTION

The Court's Local Rules permit the filing of a legal memorandum responding to a motion or brief within 14 days after service of the motion, and if a party fails to timely respond, "the motion is subject to treatment as unopposed." See Local Rule 3.01(b). John Hancock Life Ins. Co. U.S.A. v. McBath, 2024 U.S. Dist. LEXIS 171284, 2024 WL 4604057. When an act may or must be done within a specified

time, the court may, for good cause . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion. *See* Local Rule 3.01(b); *see also Foster v. The Coca-Cola Co.*, 2015 U.S. Dist. LEXIS 71152, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (finding that a motion to compel was unopposed a because the opposing party failed to timely respond to the motion) Martin v. Baker Cnty. Med. Servs., Inc., 2019 U.S. Dist. LEXIS 250161,, 2019 WL 13277773

In Shepard, after the mediator notified the court that the case had settled, **THE COURT, ON OCTOBER 1, 2010, ENTERED AN ORDER DISMISSING THE CASE WITHOUT PREJUDICE TO EITHER PARTY REOPENING THE ACTION WITHIN 60 DAYS FOR GOOD CAUSE. THAT IS IDENTICAL TO OUR CASE.**

On October 18, 2010, Peterson & Myers filed a Notice of Claim for Charging Lien, thereby asserting a claim for an attorney's fee from any recovery obtained by the plaintiff. The plaintiff did not file any objections to the notice. During the 60-day period following dismissal, the parties filed motions seeking further court action.

The court held that the Plaintiff's failure to respond to the lien acted as a waiver on timeliness and validity. See Local Rule 3.01(b)(if a party opposes a

4

motion, it "shall file ... a response that includes a memorandum of legal authority in opposition to the request..."); see also Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F.Supp.2d 1355, 1371 (M.D.Fla. 2007)(Failure to oppose a motion raises an inference that the party does not object to the motion.).

In the instant case, the Plaintiff filed their Motion to Strike the Lien approximately 25 days after the Notice of Lien was filed. Therefore, any objection to timeliness was waived.

In summary, the Court has jurisdiction of the lien matter because the matter was not terminated. The court left open jurisdiction for an additional 60 days for good cause. Florida public policy dictates that an attorney should be paid for his services. Therefore, good cause exists for the court to retain jurisdiction of this matter and resolve the lien.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

/s/ SANGATURNBULL
Sanga Turnbull
Bar No.: 585327
Turnbull Law Firm

        863-324-3500 - Office
        863.969-1990 – Fax
        sturnbull@turnbullinjurlaw.com